332 So.2d 218 (1976)
STATE of Louisiana
v.
Paul Alcide TRAHAN.
No. 57240.
Supreme Court of Louisiana.
May 17, 1976.
*219 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Metairie for plaintiff-appellee.
Ross T. Scaccia, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant Paul Trahan was convicted of attempted murder, a violation of La. R. S. 14:30.1 and La. R.S. 14:27, and sentenced to ten years imprisonment at hard labor. Although defendant reserved five assignments of error to rulings by the court during the trial, he urges but one as a basis for reversal of his conviction.
That assignment of error was taken when the trial court sustained an objection by the State to the introduction of defendant's medical records from a mental hospital in which he had been treated. The defense attempted to introduce these records as evidence in order to use them to impeach the testimony of two psychiatrists on the lunacy commission appointed to examine defendant. Both doctors testified that in their opinion defendant knew the difference between right and wrong at the time of the commission of the crime. The defense claims that the reports of doctors who had examined defendant in the institutions classified him as a "borderline psychotic" and that these opinions should have been admissible to contradict the findings of the lunacy commission.
Ordinarily, the written or oral testimony of an expert witness cannot be introduced in evidence unless he is present in court to submit to cross-examination. Otherwise, his testimony would be inadmissible hearsay. However, there are jurisprudential and legislative exceptions to the hearsay rule, one of which applies to hospital records. The exception relied on by the defendant was established by La. R.S. 13:3714:
"Whenever a certified copy of the chart or record of any hospital in this state, signed by the director, assistant director, superintendent or secretary-treasurer of the board of administrators of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination."
This provision augments the general rule of La. R.S. 15:457, which provides:
"A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all."
Since State v. Kelly, 237 La. 956, 112 So.2d 674 (1959), this Court has applied La. R.S. 13:3714 in criminal as well as civil cases. Moreover, we have held that, when the statutory requirements have been satisfied, introduction of certified copies of hospital records does not deny a defendant *220 the right to confront witnesses against him. State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970). However, because the medical records rule is an exception to the hearsay rule created by statute, it is essential that all of the formalities prescribed in the statute be followed before such records are admissible in evidence.
The hospital records defendant sought to introduce in the instant case were not certified by any of the authorities named in La. R.S. 13:3714. Consequently, the records did not quality for introduction under the hospital records exception to the hearsay rule. The trial judge correctly sustained the State's objection to their admission.
We note that the purpose for which the defendant sought to admit the records was to show that one psychiatrist who had previously examined him concluded that defendant was a "borderline psychotic." This conclusion does not contradict the testimony of the two members of the lunacy commission as to whether defendant knew the difference between right and wrong. One of the psychiatrists on the commission stated during questioning that he disagreed with the conclusion that defendant was a borderline psychotic, and the fact that another doctor held a different view would not change his opinion. The other psychiatrist who testified on behalf of the State at trial agreed that defendant possibly could have been a borderline psychotic, but she stated that such a diagnosis was not inconsistent with her conclusion that defendant knew the difference between right and wrong at the time of the commission of the crime.
Thus, no great prejudice was suffered by defendant because of his inability to introduce the medical records in question. The assignment of error has no merit.
For the reasons assigned, we affirm defendant's conviction and sentence.