498 So.2d 701 (1986)
STATE of Louisiana
v.
Harold MAYEUX.
No. 86-K-0874.
Supreme Court of Louisiana.
November 24, 1986.
Rehearing Denied January 8, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jerold Knoll, Dist. Atty., and Thomas Papale, Asst. Dist. Atty., for applicant.
Lewis Unglesby, Baton Rouge, for respondent.
COLE, Justice[*].
Defendant, Harold Mayeux, was indicted on two counts of aggravated battery in violation of La.R.S. 14:34. The jury was instructed, at the request of defense counsel, that in response to the crime charged a verdict of guilty of attempted aggravated battery could be returned. The State *702 failed to object to the improper charge during trial. After nearly six and a half hours of deliberations, the six member jury returned a verdict of "guilty of attempted aggravated battery" on both counts. The State again did not object. The court declared the verdict good and true and ordered it received. The jury was then discharged from further service in the case.
After conviction the defendant filed a motion for post-verdict judgment of acquittal and a motion in arrest of judgment. Both were denied. The court thereafter imposed sentence upon the defendant.
From his conviction, the defendant appealed to the Court of Appeal for the Third Circuit. That court found the verdict of attempted aggravated battery invalid because it was not one of the responsive verdicts for aggravated battery listed in La.C.Cr.P. art. 814 A (14). The court also found the jury's verdict indicated the State had failed to prove the essential elements of its case. The court reversed the conviction and sentence, entered a judgment of acquittal and discharged the defendant. From this judgment the State sought review by this court pursuant to La.C.Cr.P. art. 821 (D). In our judgment there was patent error in the trial court proceedings when a verdict not responsive to the crime charged was accepted. Such error requires reversal of the conviction and remand for a new trial.
The issue before us is whether a defendant having been tried once, may nevertheless be ordered to stand trial a second time when judicial error in the first proceeding resulted in the court accepting a verdict of guilty which was not responsive to the charge and which purported to convict of a crime not specifically designated by our Code. A decision to retry a defendant under these circumstances requires careful analysis of the constitutional protection against double jeopardy. In order to make this analysis, we must first determine if the scope of appellate review allows consideration of this error when no objection was made during trial. Secondly, we must examine the legal effect, if any, of a verdict of guilty of attempted aggravated battery. Lastly, we must insure that a remand for new trial will not violate the principle of double jeopardy.

PATENT ERROR
The State has raised as error the acceptance by the trial court of the jury's verdict in violation of art. 813 of the Code of Criminal Procedure. Article 813 provides:
If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
The State concedes however that it failed to object to the verdict during trial.
Article 920 of the Code of Criminal Procedure sets forth the scope of appellate review in criminal appeals. The article provides:
The following matters and no others shall be considered on appeal....
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
Under this article we may consider any errors patent on the face of the record. State v. Goodley, 398 So.2d 1068 (La.1981).
While errors in the jury charge are not considered patent error, we have held a non-responsive verdict to be error patent on the face of the record and therefore reviewable on appeal despite the absence of an objection during trial. State v. Turnbull, 377 So.2d 72 (La.1979); State v. Cook, 372 So.2d 1202 (La.1979).
The defendant here was charged with two counts of aggravated battery. Article 814 of the Code of Criminal Procedure provides the list of legislatively approved responsive verdicts. As responsive to a charge of aggravated battery, 814 A (14) provides:
A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
*703
 14. Aggravated Battery:
 Guilty.
 Guilty of second degree battery.
 Guilty of simple battery.
 Not guilty.
Clearly a verdict of guilty of attempted aggravated battery is unresponsive and error patent of the face of the record. However, besides being unresponsive to the crime charged, the verdict also purported to convict defendant of an offense not specifically designated as a crime in Louisiana. This we also find to be patent error.

EFFECT OF THE VERDICT
The Third Circuit concluded the verdict of guilty of attempted aggravated battery "shows that the state failed to prove the elements of the offense charged" or the lesser included responsive offenses. State v. Mayeux, 485 So.2d 256 (La.App.3d Cir. 1986). In support of this conclusion the Court of Appeal cites State v. Marse, 365 So.2d 1319 (La.1978). We believe reliance on Marse is misplaced. In Marse we upheld a conviction of manslaughter returned in a trial for first degree murder. In that opinion we discussed the fact it is proper in a murder trial to instruct the jury if they find the defendant guilty of negligent homicide, they are required to acquit the defendant. In Marse, the Court instructed the jury that negligent homicide was not responsive to the crime charged. He refused to instruct that a finding of conduct amounting only to negligent homicide required an acquittal.
We agree a verdict of guilty of aggravated assault would require an acquittal of Mayeux under the holding in Marse. However, a conviction of attempted aggravated battery, an unspecified crime in Louisiana, can not have the same effect as a conviction of aggravated assault. The application of the principles found in Marse to this case was inappropriate.
Our research has found only one case where a jury rendered a verdict not only unresponsive but also purporting to convict of an offense not specifically designated as a crime in this state.
In State v. Adams, 210 La. 782, 28 So.2d 269 (1946) the defendant was prosecuted for attempted murder. The jury returned a verdict of "guilty of attempted negligent homicide." The defendant appealed his conviction. This court held the verdict was not responsive to the charge and therefore invalid insofar as it purported to convict the defendant. The court also held that attempted negligent homicide was not a crime in this state since logically a person can not attempt to be negligent. Negligent homicide specifically requires there be an absence of specific or general intent to commit a homicide. We concluded the jury's verdict, while not a valid conviction, did indicate the state had failed to establish the essential element of intent. Since intent was necessary to prove attempted murder, the court held the verdict served to acquit the defendant of the charge of attempted murder.
The decision by this court in Adams was rendered more than forty years ago prior to the time our legislature chose to specifically provide responsive verdicts for the vast majority of crimes. Since the enactment of art. 814 and its predecessor, we have recognized that a non-responsive verdict is error patent on the record mandating a reversal of conviction and remand for a new trial.
We are guided by our more recent opinion in State v. Thibodeaux, 380 So.2d 59 (La.1980). In Thibodeaux the trial judge, without objection from counsel, charged the jury incorrectly as to the proper responsive verdicts under 814. The jury returned a verdict not responsive to the charge. The verdict was accepted and sentence imposed. On appeal we found error patent on the record due to the non-responsive verdict. We ordered the conviction set aside and remanded for a new trial. In doing so we held the verdict was completely invalid.
In the present case, we conclude the Court of Appeal should not have granted the motion for post-verdict judgment of acquittal, once patent error in the trial *704 court was discovered, but rather should have reversed the conviction and remanded for new trial.
In arguments, the defense urged that a conviction of attempted aggravated battery is equivalent to a conviction of aggravated assault. La.R.S. 14:36-37. He suggests that this verdict establishes the state failed to prove the essential elements of battery, namely the intentional use of force or violence upon the person of another. La.R.S. 14:33. Because an assault is defined as an attempt to commit a battery, (La.R.S. 14:36), the defense argues the verdict constitutes an acquittal of aggravated battery and the lesser included responsive crimes. We disagree.
Article 598 of the Code of Criminal Procedure provides:
When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.
While we must agree a conviction for aggravated assault would necessarily be an acquittal of aggravated battery, we do not agree that a conviction of attempted aggravated battery has the same effect. Article 598 presupposes a conviction of an offense designated as a crime. Since attempted aggravated battery is not a specifically designated crime, it is not "a lesser degree of the offense" of aggravated battery as is required for acquittal under art. 598.
A cornerstone of our criminal law is stated in La.R.S. 14:3:
Articles of this Code cannot be extended by analogy so as to create crimes not provided for herein....
While we acknowledge that assault is defined as an attempt to commit a battery, this court is not empowered to reform the verdict to guilty of aggravated assault. The defendant suggests that art. 821 (E) of the Code of Criminal Procedure gives this court authority to reform the jury's verdict so that it conforms to a crime designated by our Code. A careful reading of 821 (E) discloses the fallacy of this argument.
La.C.Cr.P. 821 (E) provides:
If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
Clearly 821 (E) allows an appellate court an option. It may reform a jury's verdict to a lesser included responsive offense when the original verdict is not supported by the evidence, rather than grant a post-verdict judgment of acquittal.
In the present case, 821 (E) does not allow us to reform the verdict to guilty of assault, because assault is not "a lesser included responsive offense" to the charge of aggravated battery. Such a modification is simply beyond the scope of art. 821.
Based on the foregoing analysis we conclude the verdict of the jury was unresponsive to the crime charged and purported to convict of a crime not specifically designated by our legislature. Further we conclude it is beyond the scope of our appellate power to modify the illegal verdict in any fashion. Accordingly, we find the verdict to be wholly invalid and without legal effect to convict or acquit the defendant of aggravated battery or of lesser included responsive offense.
Having determined the jury's verdict to be inoperative, we now consider if retrial would in any way violate the protections against double jeopardy.

DOUBLE JEOPARDY
The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Article I, § 15 of the 1974 Louisiana Constitution contains a similar guarantee. The protection against *705 double jeopardy is generally divided into three distinct constitutional guarantees. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
This analysis was used in State v. Goodley, 423 So.2d 648 (La.1982). In Goodley, the defendant was charged with first degree murder. During the trial, the judge improperly instructed the jury that they could return a responsive verdict with less than a unanimous vote. No objections were made to the charge. The jury returned a verdict of guilty of manslaughter by a ten to two vote. Under our Code of Criminal Procedure, the verdict was invalid. Such a verdict is patent error. State v. Goodley, 398 S.2d 1068 (La.1981). We held the verdict could constitute neither a conviction of manslaughter nor an acquittal of murder. Retrial was therefore not barred by double jeopardy.
The Double Jeopardy Clause forbids a second trial when the prosecution fails to muster sufficient evidence to convict the defendant in the first proceeding. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, double jeopardy does not preclude the state from retrying a defendant whose conviction is set aside because of judicial error. This reflects a balancing of the defendant's interest in seeing that criminal proceedings against him are resolved once and for all in a single prosecution against society's valued interest in enforcement of its criminal laws. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). To allow another prosecution when patent error has occurred at trial, "reflects the judgment that the defendant's double jeopardy interests, ... do not go so far as to compel society to so immobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." Jorn, supra, 400 U.S. at 484, 91 S.Ct. at 556.
In applying this analysis to the case before us, we conclude the Fifth Amendment does not bar retrial when a jury's verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict. It purported to convict of a crime unresponsive under art. 814 and unspecified in our criminal law. It amounted simply to conviction of a non-crime. As such it could operate neither as a conviction nor acquittal. Naturally it should not have been received by the trial judge. After having been received, the verdict may not be modified or reformed on appeal. Accordingly, the appropriate action is to set aside the conviction and remand for retrial. In failing to do so, the appellate court erred. The judgment of the Court of Appeal is reversed, the conviction and sentence in the Trial Court are set aside, and the case is remanded for retrial.
REVERSED AND REMANDED.
Justice LEMMON, dissenting from the Denial of Rehearing.
In a responsive verdict agreed to by both sides, the jury necessarily determined that defendant had not committed a battery. Therefore, the state is collaterally estopped from prosecuting defendant for any offense greater than aggravated assault. Moreover, the factual findings necessary for the jury's verdict (and supported by the evidence) warrant entry to a judgment of conviction of aggravated assualt. State v. Byrd,, 385 So.2d 248 (La.1980).
NOTES
[*] Pike Hall, Jr., Associate Justice pro tempore, in place of Mr. Justice Lemmon.