526 So.2d 1243 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harold MAYEUX, Defendant-Appellant.
No. CR 87-931.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*1244 Dan McKay, Bunkie, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Harold Mayeux, was charged with two counts of aggravated battery in violation of La. R.S. 14:34. A jury found him not guilty as to the first count and guilty as charged of the second. He was sentenced to serve eighteen months at hard labor. On appeal defendant raises seven assignments of error.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error defendant contends the trial court erred in denying his double jeopardy and collateral estoppel pleas. In a trial in 1984, for the same offenses, defendant was found guilty of attempted aggravated battery, two counts. He appealed attacking the validity of the convictions of attempted aggravated battery. On that appeal, 485 So.2d 256 (La. App. 3rd Cir.1986), this court set aside the convictions holding that attempted aggravated battery was not a responsive verdict, and not even a crime, and that the verdict showed the state failed to prove the elements of the offense charged or of those offenses for which responsive verdicts are prescribed by C.Cr.P. Art. 814.
The Louisiana Supreme Court granted writs. 498 So.2d 701 (La.1986). Disagreeing with the court of appeal as to the effect of the verdict, the Supreme Court held that it was wholly invalid, an illegal verdict, a conviction of a non-crime, and as such neither convicted nor acquitted of anything. Pointing out that the verdict should not have been received by the trial judge, but that once it was received it could not be modified or reformed on appeal, the Supreme Court ruled that the appropriate action was to set the verdicts aside and remand the case for retrial.
The Supreme Court then considered the issue of whether a retrial would be barred by the double jeopardy clause. Relying on State v. Goodley, 423 So.2d 648 (La.1982) and United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the court concluded the Fifth Amendment did not "... bar retrial when a jury's verdict, containing a nonwaivable defect, *1245 must be set aside by an appellate court." 498 So.2d at 705. The Supreme Court remanded for retrial and we consider that ruling dispositive of the double jeopardy plea.
Defendant also contends his plea of collateral estoppel was improperly denied. According to Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), collateral estoppel means "... when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."
An unresponsive verdict is patently invalid and a valid judgment is required for collateral estoppel. State v. Mayeux, 498 So.2d 701 (La.1986); State v. Thibodeaux, 380 So.2d 59 (La.1980). Therefore, defendant's plea of collateral estoppel was properly denied.
Assignment of error No. 1 lacks merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error defendant contends the trial court erred in admitting into evidence the tape recorded testimony of the victim given during defendant's prior trial, when the victim was the only eyewitness to the incident other than defendant. The record indicates the state could not find the witness.
La.C.Cr.P. Art. 295(B) provides:
"The transcript of testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, cannot be found, or is otherwise unavailable for testimony, and that the absence of the witness was not procured by the party offering the testimony."
It appears well established that testimony given during a former trial is admissible in a subsequent trial where the witness is unavailable. The testimony of witnesses from a previous trial who could not be found was held admissible under the statute in State v. Dotch, 298 So.2d 742 (La.1974), cert. denied 420 U.S. 976, 95 S.Ct. 1401, 43 L.Ed.2d 657 (1975). A witness who exercised his Fifth Amendment privilege at the second trial and refused to testify was declared "unavailable" in State v. Ghoram, 328 So.2d 91 (La.1976), and his testimony at the first trial was held properly admissible. A witness in State v. Nall, 439 So.2d 420 (La.1983), was present but because of a loss of memory was unable to recall her testimony given at the defendant's previous trial; her previous testimony was held admissible.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error defendant contends the trial court erred in admitting medical records which were not supported by competent testimony or subject to cross-examination. Defendant contends the records were improperly admitted because the procedures prescribed by La.R.S. 13:3715.1 were not followed. Defense counsel's reliance on La.R.S. 13:3715.1 is inappropriate because that statute details procedures to be followed "[w]hen a subpoena duces tecum is served upon the custodian of records or other qualified witness from a hospital ... or other health care facility in an action in which the hospital... or facility is not a party...." La.R.S. 13:3715.1(B). That statute requires compliance with specified procedures when the hospital or other health care facility responds to the subpoena duces tecum.
La.R.S. 13:3714 is the appropriate statute for resolution of this issue and provides:
"Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination."
In State v. Trahan, 332 So.2d 218 (La. 1976), the court made the following statements *1246 regarding the admissibility of medical records:
"Since State v. Kelly, 237 La. 956, 112 So.2d 674 (1959), this court has applied La.R.S. 13:3714 in criminal as well as civil cases. Moreover, we have held that, when the statutory requirements have been satisfied, introduction of certified copies of hospital records does not deny a defendant the right to confront witnesses against him. State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970). However, because the medical records rule is an exception to the hearsay rule created by statute, it is essential that all of the formalities prescribed in the statute be followed before such records are admissible in evidence."
There is in the record a proper certification, by the director of the medical records department of Humana Hospital, attached to the copy of the hospital records of Maxie Lemoine. As the requirements of La.R.S. 13:3714 were met, the trial court properly admitted the medical records into evidence. Therefore, this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
Assignment of error No. 4 alleges the trial court erred in allowing testimony by a police officer as to his opinion of the credibility of the defendant during his investigation immediately after the alleged offense occurred. By assignment of error No. 5 defense counsel contends the trial court erred in allowing into evidence statements allegedly made by the defendant which were not shown to be freely and voluntarily made and with no showing that the defendant had been advised of his rights. The questioning complained of by defendant involved discrepancies between statements made by defendant to a police officer investigating the incident and physical evidence discovered during the investigation.
Detective Venable testified defendant told him that he had shot someone who was breaking into his house. As related by Venable, defendant then directed the detective to the point of entry, however, Venable testified it appeared to be a point of exit rather than a point of entry. The state asked Detective Venable "... and, you found, as an investigating officer that that was inconsistent with whatwith the story that he was relating for you, is that correct?" Defense counsel immediately objected on the grounds of "leading testimony". Although the assistant district attorney reworded the question, defense counsel again objected on the basis of a leading question and the objection was sustained. A question or two later, the state asked, "... did you find any inconsistencies in the way it had been related to you in comparison to what you found in your investigation?" Without objection, Detective Venable testified regarding the inconsistencies between the physical evidence and defendant's assertion that he was shooting at a burglar attempting to enter his home. The next question posed by the assistant district attorney was "... did you ascertain from the defendant, how many people were supposed to be involved in this situation?" Defense counsel objected on the grounds of lack of notice of intent to use these statements of the defendant.
Defendant's contention urging the inadmissibility of this testimony regarding inconsistencies between statements made by defendant to Detective Venable and physical evidence discovered by the detective, is meritless for two reasons. First, defendant through his counsel failed to make an objection contemporaneous with the asking of the question. While defense counsel objected following each of the assistant district attorney's two previous questions aimed at eliciting the information complained of, defense counsel failed to object following the question which resulted in the introduction of the complained of testimony. Several questions later defense counsel again objected but to a question unrelated to the complained of testimony.
In State v. Clement, 368 So.2d 1037 (La. 1979), the court stated:
"... our review of the record reveals that no objection was made by defense counsel contemporaneously with the *1247 questioning now assigned as error. La. Code Crim.P. art. 841 provides, and this court has consistently held, that an irregularity or error in the proceeding cannot be availed of after verdict unless it is objected to at the time of its occurrence. Hence, this issue is not properly before us."
State v. Segura, 464 So.2d 1116 (La.App. 3rd Cir.1985), writ denied 468 So.2d 1203 (La.1985), also stands for the proposition that absent a contemporaneous objection, irregularities cannot be complained of on appeal.
Secondly, the argument is without merit because the grounds for the objection stated in the record differ from those argued on appeal. "It is well settled that a new basis for an objection cannot be raised for the first time on appeal." State v. Ford, 349 So.2d 300 (La.1977). On two occasions, the assistant district attorney attempted to elicit information from Venable regarding inconsistencies between statements made by defendant and physical evidence. Following both questions, defense counsel immediately objected and stated the grounds for objecting as leading questions. The above referred to objections were the only ones which followed questions aimed at eliciting the complained of testimony. The grounds for each objection were leading questions.
Defense counsel now attempts to argue on appeal that the testimony was improperly introduced because it was opinion testimony by the detective on the credibility of defendant prior to defendant being sworn and the statements of the defendant were not shown to be freely and voluntarily made. Because defense counsel did not state as grounds for the objection that which he now argues on appeal, he is precluded from raising these new grounds for the first time on appeal. Therefore, these assignments of error are not properly before this court.
ASSIGNMENT OF ERROR NO. 6
Defendant's complaint in this assignment of error is the trial court's failure to give a jury instruction on negligent injuring. La. C.Cr.P. art. 807 provides, in pertinent part, "The state and the defendant shall have the right before argument to submit to the court special written charges for the jury."
The jurisprudence of this state has consistently indicated that when special jury charges are not reduced to writing for presentation to the court, a trial judge may properly refuse to give such a charge to the jury. State v. Taylor, 347 So.2d 172 (La.1977); State v. Weems, 358 So.2d 285 (La.1978); and State v. Hamilton, 459 So. 2d 216 (La.App. 3rd Cir.1984). Defense counsel failed to submit in writing the special charge on negligent injuring as there are no special charges in the record. In fact, defense counsel's oral request for a special charge on negligent injuring is not included in the record as the discussion regarding the special charge occurred during a thirty minute recess. As the jurisprudence and statute indicate the necessity of submitting special charges in written form, defense counsel did not submit the special charge in written form therefore the trial court did not commit an error in refusing to give a special charge on negligent injuring. Therefore, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 7
In defendant's final assignment of error he contends the jury verdict is contrary to the rule of circumstantial evidence. Defendant's formal assignments of error filed with the trial court listed only the first six above discussed assignments of error. The error designated as assignment of error No. 7 was not included in the formal assignments of error filed with the trial court. Therefore, assignment of error No. 7 is not properly before this court as the below discussed jurisprudence indicates.
In State v. Smith, 418 So.2d 515, 524 (La.1982), the court stated, "... we find that defendant failed to raise this assignment in his formal assignments of error, and did not amend to include this argument. According to the provisions of La.C. Cr.P. arts. 844 and 920 he is precluded from raising this issue on appeal." Similarly, *1248 in State v. McSpaddin, 341 So.2d 868 (La.1977), defendant's contention that the trial judge improperly denied his motion for a new trial was not reviewable on appeal because it was not included in the assignments of error filed with the trial court.
Because defendant failed to include this assignment of error in the formal assignments of error filed with the trial court this assignment of error is not reviewable by this court.
CONVICTION AFFIRMED.