John Harold MAYEUX

v.

Sheriff William O. BELT, Avoyelles Parish, Louisiana.

Civ. A. No. 89–0551–A.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 12, 1990.

Dan B. McKay, Jr., Bunkie, La., for petitioner John Harold Mayeux.

J. Edward Knoll, Dist. Atty., Marksville, La., for respondent Sheriff William O. Belt.

### RULING

LITTLE, District Judge.

No opposition to the report and recommendation of the magistrate having been filed, this court adopts these recommendations as its own.

IT IS ORDERED that the application of John Harold Mayeux for a writ of habeas corpus is GRANTED. Accordingly, the State of Louisiana and any of its political subdivisions, including William O. Belt, Sheriff of Avoyelles Parish, State of Louisiana, are ordered to liberate, free and surrender the petitioner, John Harold Mayeux, from custody immediately.

1. Record from La.Sup.Ct., Vol. 3, p. 13.

2. Record from La.Sup.Ct., Vol. 3, pp. 77 & 82.

3. *State v. Mayeux*, 498 So.2d 701, 702 (La.1986).

4. *State v. Mayeux*, 485 So.2d 256, 257 (La.App. 3d Cir.1986).

### REPORT AND RECOMMENDATION OF MAGISTRATE

JOHN F. SIMON, United States Magistrate.

*Procedural Background*

On March 9, 1989, John Harold Mayeux (hereinafter "Mayeux") filed the above entitled and numbered petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On October 17, 1989, Judge F.A. Little, Jr., referred this case to the undersigned Magistrate for a review, report and recommendation.

In July of 1984, Mayeux was charged with two counts of aggravated battery in violation of La.Rev.Stat. 14:34.[1] At trial, the judge incorrectly instructed the jury that a verdict of guilty of attempted aggravated battery was responsive to the crime with which Mayeux was charged, and the jury returned a verdict of "guilty of attempted aggravated battery" on both counts.[2] The State failed to object to the error.[3]

Mayeux appealed his conviction to the Louisiana Third Circuit Court of Appeal (hereinafter "Third Circuit"), which reversed his conviction and sentence, rendered a judgment of acquittal and ordered that Mayeux be discharged.[4]

The State sought review of the judgment of acquittal in the Louisiana Supreme Court, which reversed the judgment of the Third Circuit and remanded the case for a new trial.[5]

In a retrial on May 13, 1987, in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana, a jury found Mayeux guilty on one count of aggravated battery in violation of La.R.S. 14:34 and not guilty on the other count of aggravated battery, and Mayeux was sentenced to serve 18 months at hard labor. On appeal, the Third Circuit affirmed Mayeux's conviction and sentence,[6] and the Supreme Court of Louisiana denied Mayeux's application for writ of *certiorari* and/or review without

5. *State v. Mayeux*, 498 So.2d 701, 705 (La.1986).

6. *State v. Mayeux*, 526 So.2d 1243 (La.App. 3d Cir.1988).

comment.[7]

On October 6, 1988, Mayeux filed his first petition for *habeas corpus* relief in this Court, which this Court dismissed without prejudice on March 6, 1989, as a mixed petition containing both exhausted and unexhausted claims.

Mayeux then filed the above entitled and numbered petition for *habeas corpus* relief in which he raised three claims for relief:

(1) That his conviction was obtained by violation of the protection against double jeopardy;

(2) That his conviction was obtained by violation of the rule of collateral estoppel; and

(3) That his conviction was obtained by violation of his right of confrontation of the sole eyewitness to the offense of which Mayeux was convicted.[8]

### *Exhaustion*

■ The State contends that Mayeux has failed to exhaust his state remedies by not having filed an application for post-conviction relief in the state district court, and that his petition therefore should be dismissed (Docket Item No. 9, p. 3).

A Louisiana *habeas* petitioner must generally provide the courts of Louisiana with a fair opportunity in a procedurally proper manner to pass upon his claims prior to seeking federal *habeas* relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988).

The grounds raised in Mayeux's current petition to this Court are three of the grounds on which he appealed his conviction directly to the Louisiana Third Circuit and applied for a writ of *certiorari* and/or review to the Supreme Court of Louisiana. Therefore, all Louisiana Courts before which these claims have been presented have considered the three issues presented to this Court, which exhausted his state remedies as to those claims.

### *Rule 8(a) Resolution*

■ This Court is able to resolve the merits of this *habeas corpus* petition with-

out the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner and the State court records provide the required and adequate factual basis necessary to the resolution of the *habeas corpus* petition. *Passman v. Blackburn*, 797 F.2d 1335, 1340 (5th Cir.1986); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir.1981); Habeas Corpus Rule 8(a).

### *Analysis*

■ Mayeux alleges that his conviction on one count of aggravated battery at his second trial resulted from a violation of his Fifth Amendment protection against double jeopardy, and alternatively claims that his conviction at his second trial is invalid because collateral estoppel prohibited relitigation of the issue, decided at the first trial, of whether Mayeux was guilty of aggravated battery.

Mayeux cites the case of *Adams v. Murphy*, 653 F.2d 224 (5th Cir.1981) as being almost identical to the case at bar in its facts and principles of law. In *Adams*, the *habeas corpus* petitioner had been tried in a Florida State Court for testifying falsely to a Florida Grand Jury. At the close of evidence in the state trial, the defense requested a charge on "attempted perjury" as a lesser included offense, and the trial court charged the jury both on perjury and "attempted perjury", even though there was no such offense as attempted perjury under Florida law. The jury returned a verdict of "guilty of the lesser included offense of attempted perjury."

Adams unsuccessfully challenged his conviction in Florida state courts and then sought *habeas* relief in the United States District Court, which concluded that no such offense as attempted perjury existed under Florida law and granted the writ on due process grounds. The state appealed to the U.S. Fifth Circuit, and the Fifth Circuit affirmed, stating that "Nowhere in this country can any man be condemned for a non-existent crime."

---

7. *State v. Mayeux*, 531 So.2d 262 (La.1988).

8. Mayeux has abandoned this ground in his latest brief. Docket item No. 15, p. 25.

Then, in dicta, the Fifth Circuit stated the following:

"It may be that the jury semi-pardoned Adams, by convicting him of the non-existent, lesser-included offense. Even if this be so, there can be no doubt that it acquitted him of perjury; he can therefore never be tried again for that offense." 653 F.2d at 225.

Even though the above quoted statement is dicta in the *Adams* case, it appears, nonetheless, to be correct.

The U.S. Supreme Court long ago established that the Fifth Amendment prohibition of double jeopardy barred the retrial of a defendant for a crime of which he was previously acquitted. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904). In *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the U.S. Supreme Court determined that the double jeopardy provision of the Fifth Amendment should be applied to the states through the Fourteenth Amendment.

In the case at bar, the State argues that because the jury verdict in Mayeux's first trial purported to convict Mayeux of a crime that did not exist, the jury's verdict was null and could not constitute an acquittal of the crime of aggravated battery.

Undoubtedly the jury's verdict was null with regard to the purported crime of "attempted aggravated battery", and that verdict was properly set aside by the appellate courts. However, by returning a verdict of "guilty of attempted aggravated battery", the jury implicitly acquitted Mayeux of the crime of "aggravated battery."

In his charge to the jury, the State court judge stated the following:

"The defendant is charged with Aggravated Battery. In order to convict the defendant of the offense charged, you must find beyond a reasonable doubt that the state proved every element of the offense charged. If you are not convinced that the defendant is guilty of the offense charged, you may find the defendant guilty of a lesser offense if you are convinced beyond a reasonable doubt that the defendant is guilty of a lesser offense.

The following offenses are responsive lesser offenses:

    Attempted Aggravated Battery;
    Second Degree Battery;
    Simple Battery.

The following verdicts may be returned:

    Guilty, which means guilty as charged;
    Guilty Of Attempted Aggravated Battery;
    Guilty Of Second Degree Battery;
    Guilty of Simple Battery;
    Not Guilty.

Thus, if you are convinced beyond a reasonable doubt that the defendant is guilty of Aggravated Battery, the form of your verdict should be, 'We, the jury, find the defendant guilty.' If you are not convinced that the defendant is guilty of Aggravated Battery, but you are convinced beyond a reasonable doubt that the defendant is guilty of Attempted Aggravated Battery, the form of your verdict should be, 'We, the jury, find the defendant guilty of Attempted Aggravated Battery.'"

Record from La.Sup.Ct., Vol. III, pp. 77 & 78.

When the jury's verdict was returned, the clerk read the following:

"Count 1: We, the jury, find the defendant, Harold Mayeux guilty of Attempted Aggravated Battery.

Count 2: We, the jury, find the defendant, Harold Mayeux guilty of Attempted Aggravated Battery."

Record from La.Sup.Ct., Vol. III, p. 82.

In the case of *Price v. Georgia,* 398 U.S. 323, 327–329, 90 S.Ct. 1757, 1760, 1761, 26 L.Ed.2d 300, the U.S. Supreme Court analyzed "implicit acquittal" as it had previously been set out in *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). In *Green,* the court had reversed a first degree murder conviction that had been obtained at the retrial of a defendant who had been convicted at his first trial for the lesser included offense of second degree murder, which first convic-

tion had been set aside on appeal. The *Price* opinion stated that the court's conclusion in *Green* had rested on two premises:

"First, the Court considered the first jury's verdict of guilty on the second degree murder charge to be an 'implicit acquittal' on the charge of first degree murder. Second, and more broadly, the Court reasoned that the petitioner's jeopardy on the greater charge had ended when the first jury 'was given a full opportunity to return a verdict' on that charge and instead reached a verdict on the lesser charge. 355 U.S. at 191, 78 S.Ct. at 225. Under either of these premises, the holding in the *Kepner* case—that there could be no appeal from an acquittal because such a verdict ended an accused's jeopardy—was applicable."

Even though the jury at Mayeux's first trial returned an improper verdict, that jury had been "given a full opportunity to return a verdict" on the charge of aggravated battery, and instead reached a verdict on what the judge had instructed was a lesser charge. The judge had clearly told the jury that if they were not convinced that Mayeux was guilty of aggravated battery, but were convinced beyond a reasonable doubt that he was guilty of attempted aggravated battery, the form of their verdict should be, "We, the jury, find the defendant guilty of Attempted Aggravated Battery." When the jury brought back precisely that verdict, it clearly showed that the jury had acquitted Mayeux of aggravated battery. Therefore, Mayeux's second trial unconstitutionally put him in jeopardy a second time on the charges of aggravated battery.

The State cites the opinion of the Louisiana Supreme Court following Mayeux's first trial, *State v. Mayeux*, 498 So.2d 701 at 705, for the proposition that double jeopardy does not preclude the State from retrying a defendant whose conviction is set aside because of judicial error. The Louisiana Supreme Court cited the case of *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) as authority for that proposition. *Jorn* is not authority for the cited opinion of the Louisiana Supreme Court. In *Jorn*, the district judge had dis-

charged the jury after only one out of six of the government's witnesses had testified, and the jury had not been asked to make a decision about anything. The defendant objected to being retried before a different jury, and the U.S. Supreme Court found that re-prosecution of Jorn would violate the double jeopardy provision of the Fifth Amendment. Therefore, the point for which the Louisiana Supreme Court cited *Jorn* was never at issue in the *Jorn* case.

An opinion of the U.S. Supreme Court where that point was at issue is in the case of *Fong Foo, et al. v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

In that case, after three government witnesses had appeared and the fourth was in the process of testifying, the district judge stopped the trial and directed the jury to return verdicts of acquittal as to all of the defendants, and a formal judgment of acquittal was subsequently entered. The government filed a petition for a writ of mandamus in the Court of Appeals praying that the judgment of acquittal be vacated and that the case be reassigned for trial. The Court of Appeals granted the petition, but the U.S. Supreme Court reversed on the ground that a second trial of the defendants would be a violation of their constitutional right against double jeopardy.

The Supreme Court found that even though the district judge directed an acquittal based upon an egregiously erroneous foundation, "(t)he verdict of acquittal was final, and could not be reviewed ... without putting (the petitioners) twice in jeopardy, and thereby violating the Constitution. *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300."

Even though the verdict of the jury at Mayeux's first trial could operate neither as a conviction nor acquittal of the non-crime of "attempted aggravated battery", there is no reason why it could not operate as an acquittal of the charge of aggravated battery, because the judge's instructions so directed. Even though the judge's instructions concerning a possible verdict of "attempted aggravated battery" were egre-

giously erroneous, that judicial error does not give the State a basis for retrying Mr. Mayeux.

### Conclusion

Based upon the foregoing discussion, IT IS RECOMMENDED that Mayeux's application for writ of *habeas corpus* be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) days from service of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge before he makes a final ruling. Failure to file written objections to the proposed findings and recommendation contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of January, 1990.