675 So.2d 780 (1996)
STATE of Louisiana
v.
William P. NAZAR.
No. 96-K-0175.
Court of Appeal of Louisiana, Fourth Circuit.
May 22, 1996.
*781 Harry F. Connick, District Attorney and Giustina Lefante-Persich, Assistant District Attorney for Orleans Parish, New Orleans, for Relator.
Wiley J. Beevers, P.L.C., Wiley J. Beevers and Lawrence B. Hoffing, Gretna, for Respondent.
Before BARRY, KLEES and BYRNES, JJ.
BARRY, Judge.
The defendant was originally charged with one count of aggravated battery, but the charge was amended to simple battery. The trial court found the defendant guilty of attempted simple battery, a non-verdict. The defense filed a motion for post-verdict judgment of acquittal and the State "made an oral motion to clarify the verdict." The court vacated its previous verdict and found the defendant guilty of simple battery. The court sentenced the defendant to three months in parish prison, suspended, and placed him on three months inactive probation. He was ordered to pay court costs and $250 to the Judicial Expense Fund. The defendant appealed to the Criminal District Court Appellate Division, which reversed the conviction and acquitted him of the charge. We grant the State's application in order to review that ruling.
The State argues that: 1) the trial court had authority under La.C.Cr.P. art. 813 to replace its original invalid verdict with a valid verdict (even of a greater crime); and 2) the trial court's clarification of a non-verdict does not constitute double jeopardy. The State contends that State v. Mayeux, 498 So.2d 701 (La.1986), and the reversal of Mayeux's conviction in Mayeux v. Belt, 737 F.Supp. 957 (W.D.La. 1990), relied upon by the defendant, can be distinguished from this case. It also claims that the defendant was not prejudiced because the judicial error was discovered before sentencing.
At the time of trial the defendant was charged with simple battery. The trial court found him guilty of attempted simple battery, but there is no such crime in Louisiana. An attempted simple battery is a simple assault. La.C.Cr.P. art. 814(A)(14) lists the only responsive verdicts to simple battery: guilty or not guilty. The verdict rendered by the trial court is invalid because it is not a responsive verdict and is not a crime in Louisiana.
According to the State, the trial court may vacate its prior verdict and find the defendant guilty of simple battery. La. C.Cr.P. art. 813 provides:
If the court finds that the verdict is incorrect in form or is not responsive to the *782 indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
Under La.C.Cr.P. art. 820 all provisions regulating responsive verdicts and the effect of verdicts shall apply to cases tried without a jury. Contrary to the State's position, La.C.Cr.P. art. 813 does not provide for a motion to clarify the verdict. The State cites no article of the Code of Criminal Procedure or statute which gives the trial court authority to change its prior verdict. The trial court had no authority to vacate a prior verdict of guilty on attempted simple battery (even though not a recognized crime) and to find the defendant guilty of the greater offense of simple battery. The trial court erred by "clarifying" the verdict to guilt of simple battery. The State's first argument has no merit.
The State's argument that no "prejudice had attached to the defendant" when he was convicted of the completed crime rather than the attempt also lacks merit. The State correctly notes that the judicial error was found prior to sentencing and not on appeal as in State v. Mayeux, 498 So.2d 701 (La. 1986), and Mayeux v. Belt, 737 F.Supp. 957 (W.D.La.1990). However, that distinction does not make the trial court's decision to vacate its original verdict correct. Mayeux was charged with aggravated battery and the jury was erroneously given attempted aggravated battery as a responsive verdict. Pursuant to a defense request the trial court instructed the jury that it could return a verdict of guilty of attempted aggravated battery in response to the crime charged and the State did not object. The jury found the defendant guilty of attempted aggravated battery and the State did not object even though there is no such crime in Louisiana. The Third Circuit reversed the conviction and ordered the defendant released. State v. Mayeux, 485 So.2d 256 (La.App. 3rd Cir. 1986). The Supreme Court reversed and held that entry of the invalid verdict was judicial error which could not operate as an acquittal; the defendant could be retried. 498 So.2d 701 (La.1986). The invalid verdict amounted to a conviction of a non-crime. It could not operate as a conviction or an acquittal. The Supreme Court rejected the argument that retrial would violate the defendant's right against double jeopardy as provided by the Fifth Amendment to the U.S. Constitution and La. Const. art. I, 15. Id. See also La.C.Cr.P. art. 596 and 598.
On retrial the defendant was convicted as charged and his conviction and sentence were affirmed on appeal. State v. Mayeux, 526 So.2d 1243 (La.App. 3rd Cir.1988), writs denied, 531 So.2d 262 (La.1988). The defendant sought habeas corpus relief in federal district court which reversed the conviction based on double jeopardy, Mayeux v. Belt, 737 F.Supp. at 960-61. The U.S. District Court concluded that the jury in the first trial was given a full opportunity to return a verdict on the greater charge, but instead found the defendant guilty of attempt. The court had instructed the jury that a verdict of attempt could be returned if the jurors were not convinced that Mayeux was guilty of aggravated battery. The jury acquitted Mayeux of aggravated battery and the second trial unconstitutionally put him in jeopardy a second time. Although the verdict was invalid, there was no reason why it could not operate as an acquittal of the charge of aggravated battery. Id.
Mayeux was discussed recently in State v. Campbell, 94-1268 (La.App. 3 Cir. 5/3/95), 657 So.2d 152, affirmed in part and reversed in part, 95-1409 (La. 3/22/96), 670 So.2d 1212. There the defendants were charged with jury tampering and convicted of attempted jury tampering. The Third Circuit relied on the federal district court opinion in Mayeux, 737 F.Supp. at 957, and reversed the convictions, entered acquittals, and discharged the defendants. The Third Circuit declared: "While we would prefer to follow the ruling of the Louisiana Supreme Court in State v. Mayeux, supra, we refuse to waste the limited judicial resources of this state in vain and futile acts." Id. at 156.
The Louisiana Supreme Court granted the State's application. The Court noted La. C.Cr.P. art. 598's double jeopardy provision that a defendant who is found guilty of a lesser degree of the offense cannot thereafter *783 be tried for that offense. It noted its holding in Mayeux and the federal court decision which subsequently overturned Mayeux's second conviction after retrial on double jeopardy grounds. The Court declared: "We need not reconsider here the continuing validity of State v. Mayeux in light of its subsequent history." 670 So.2d 1212. The Supreme Court distinguished Campbell, which involved a verdict of attempted jury tampering, which is not a non-crime under Louisiana law. According to the elements of the crime, attempted jury tampering is jury tampering. The Court did not state that the jury's return of the "lesser" verdict of attempt necessarily or implicitly acquitted the defendants of any material element of the charged crime. The Court concluded that the trial court's error in listing the responsive verdicts rendered the jury's verdicts "insolubly ambiguous" and due to the confusion the jury verdicts did not clearly convict or acquit the defendants. The Court affirmed the reversal of the defendants' convictions and sentences, but vacated the Third Circuit's order discharging the defendants and remanded the case to the district court for further proceedings. Id.
The Louisiana Supreme Court sidestepped a discussion of its Mayeux opinion which remains binding on this Court. Therefore, the trial court erred by changing its verdict to guilty of simple battery. The original verdict of guilty of attempted simple battery is a non-crime and invalid (just as Mayeux's guilty verdict of attempted aggravated battery was a for a non-crime). Although this Court finds the reasoning of the federal district court in Mayeux v. Belt, 737 F.Supp. at 957, persuasive, we follow State v. Mayeux, 498 So.2d at 701, which holds that the verdict of guilty of a non-crime cannot serve as an acquittal or a conviction for double jeopardy purposes.
Therefore, we affirm in part as to the Criminal District Court Appellate Division's reversal of the defendant's conviction and sentence, but reverse in part as to the defendant's acquittal, and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED