It CALOGERO, Chief Justice
would grant the writ and assigns reasons.
I dissent from the majority’s denial of this writ application. In my view, there is a sufficient question to warrant granting defendant’s writ application and docketing the case to decide whether double jeopardy applies. Here, the jury was presented with seven potential verdicts, armed robbery and six lesser included offenses. Two of the lesser included responsive verdicts were not statutory crimes, but all six were, seemingly at least, inferior to armed robbery (including the non-statutory “attempted first degree armed robbery” responsive verdict). In choosing to convict defendant of “attempted first degree armed robbery,” the jury likely found the defendant not guilty of armed robbery. Thus, I believe double jeopardy may well bar the State from prosecuting the defen *286 dant a second time for the crime of armed robbery.
I believe that the federal case, Mayeux v. Belt, 737 F.Supp. 957 (W.D.La.1990), while not binding, is persuasive. The Mayeux case is, in my opinion, applicable and not distinguishable from the matter currently before us. In both this case and the Mayeux matter, the impediment to the retrial is an acquittal or an inferential acquittal of the major crime (armed robbery in this case, aggravated battery in Mayeux ). That a mistrial was declared in this case but not in Mayeux does not seem especially relevant. I would therefore grant and docket this matter for further consideration by the court.