848 So.2d 91 (2003)
STATE of Louisiana
v.
John C. NORMAN.
No. 03-KA-248.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*92 Paul D. Connick, Jr., District Attorney, Margaret E. Hay, Terry M. Boudreaux, Lisa Schneider, Frank A. Brindisi, Vincent Paciera, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Bertha M. Hillman, Attorney, Thibodaux, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
This case arises out of an incident that occurred on December 16, 1999. On that day, Deputy David Randall, in an undercover capacity, patrolled various areas of the Westbank, in an attempt to purchase narcotics. While in the Tallowtree subdivision in Harvey, Deputy Randall approached a black male and asked the man if he had "three twenties," meaning three rocks of crack cocaine. The subject, later identified as defendant, John Norman, told Randall that he would have to pay for the narcotics first. Randall refused to pay in advance and departed the area.
Randall continued to drive around the subdivision in an attempt to make other narcotics purchases. After another unsuccessful try, Randall decided to leave the area. However, he then observed three black males who signaled him to approach. Randall drove closer to the men, one of whom told him to wait there. Defendant, who was in the group of three, approached the driver's side window of Randall's car and asked him if he was a police officer. Randall responded that he was not. Defendant raised his left hand as if he were going to hand Randall something. Defendant said, "Give me the money." Randall did not intend to give defendant any money until he had seen the narcotics. The deputy put out his right hand to receive the three pieces of crack he believed defendant had in his left hand. However, defendant quickly reached into the back of his waistband with his right hand and produced a gun. He pointed the gun directly at Randall and told him to get out of the vehicle. Although defendant did not demand money after he brandished the gun, Randall surmised from his prior statements that he wanted the money. Randall threw his sixty dollars out of the window and quickly drove away. As Randall drove away, he saw defendant picking up the money he had thrown from his vehicle. Later that evening, Randall identified defendant in a photographic lineup as the man who had pointed the gun at him. Defendant was subsequently arrested.
As a result of this incident, the Jefferson Parish District Attorney filed a bill of information charging defendant with attempted second degree murder, in violation of LSA-R.S. 14:27 and 14:30.1 (count 1); armed robbery, in violation of LSA-R.S. 14:64 (count 2)[1]; and possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1 (count 3). Counts 1 and 2 proceeded to trial before a twelve person jury on January 15-18, 2002.[2] At the conclusion of trial, the trial court properly charged the jury as to the responsive verdicts. However, the verdict form given to the jury was defective insofar as it contained two non-responsive verdicts to the *93 armed robbery charge, specifically attempted armed burglary and attempted first degree armed robbery. After considering the evidence presented, the jury, on count 1, found defendant not guilty to the charge of attempted second degree murder. With regard to count 2, the jury returned a verdict of guilty of attempted first degree armed robbery. The judge made the verdict the order of the court.
Thereafter, on February 14, 2002, the judge ruled that the verdict returned by the jury on count 2 was illegal, as it was not a responsive verdict to the charged offense, nor was it an offense which exists under Louisiana law. The court, over defendant's objection, acted on its own motion in arrest of judgment, set aside the verdict on count 2, and scheduled the matter for a new trial on March 25, 2002. On that day, defendant filed a motion to quash, arguing that the principles of double jeopardy barred the state from retrying him. The trial court denied defendant's motion. Defendant applied to this court for supervisory writs seeking review of the trial court's ruling. On April 23, 2002, this court denied defendant's writ application. State v. Norman, writ number 02-K-419. The Louisiana Supreme Court likewise denied defendant's writ application. State v. Norman, 02-1419 (La.5/24/02), 819 So.2d 285.
A second trial on count 2 commenced on May 21, 2002. On the following day, the trial court declared a mistrial when the jury revealed that it was deadlocked. On July 30, 2002, the state amended count 2 of the bill of information reducing the charge to attempted armed robbery. Defense counsel reurged his motion to quash, again arguing double jeopardy. The trial court denied defendant's motion, and the matter proceeded to trial on the amended charge. After considering the evidence presented, the jury found defendant guilty of attempted armed robbery. The trial judge thereafter sentenced defendant to thirty-three years at hard labor without benefit of parole, probation, or suspension of sentence.
The state then filed a multiple offender bill of information, alleging that defendant was a third felony offender. After a hearing, the court found defendant to be a second felony offender, vacated defendant's original sentence, and imposed an enhanced sentence of fifty years at hard labor without benefit of parole, probation, or suspension. Defendant now appeals.
In his first assignment of error, defendant argues that the trial court erred in ordering a new trial because the verdict was non-responsive. Defendant maintains that the jury's non-responsive verdict at the conclusion of his January 2002 trial constituted an acquittal as to the armed robbery charge. Therefore, he argues, the court should have granted his motion to quash. Instead, the court erred in allowing the state to subject him to double jeopardy by later trying him on the charge of attempted armed robbery. Defendant moves this court to vacate his conviction and sentence for attempted armed robbery. We find no merit to defendant's argument.
The Double Jeopardy Clause of the Fifth Amendment protects against 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
In State v. Mayeux, 498 So.2d 701 (La. 1986), the Louisiana Supreme Court determined that the Double Jeopardy Clause does not bar retrial when a defective or illegal verdict is ultimately set aside as invalid. In that case, defendant was charged with aggravated battery, and the *94 jury was erroneously given attempted aggravated battery as a responsive verdict. The jury found defendant guilty of attempted aggravated battery, and the state did not object despite the fact that no such crime exists in Louisiana. The Third Circuit reversed the conviction and ordered defendant released. The Louisiana Supreme Court reversed the appellate court and held that entry of the invalid verdict was judicial error which could not operate as an acquittal. In remanding the matter for a new trial, the Supreme Court reasoned as follows:
... we conclude the Fifth Amendment does not bar retrial when a jury's verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict. It purported to convict of a crime unresponsive under art. 814 and unspecified in our criminal law. It amounted simply to conviction of a non-crime. As such it could operate neither as a conviction nor acquittal. Naturally it should not have been received by the trial judge. After having been received, the verdict may not be modified or reformed on appeal. Accordingly, the appropriate action is to set aside the conviction and remand for retrial.
State v. Mayeux, 498 So.2d at 705.
Mayeux was then retried on the two charges of aggravated battery. He was acquitted on one charge and convicted on the other. That conviction was affirmed on appeal. State v. Mayeux, 526 So.2d 1243 (La.App. 3 Cir.1988), writ denied, 531 So.2d 262 (La.1988). Mayeux sought habeas corpus relief. The federal district court reversed the conviction on double jeopardy grounds. The court held that the jury's verdict, although non-legal, constituted an acquittal on the aggravated battery charge, and that a second trial on that charge put defendant twice in jeopardy. Mayeux v. Belt, 737 F.Supp. 957, 961 (W.D.La.1990). It is this federal court opinion that defendant now relies on to support his double jeopardy argument.
Despite the federal court's ruling in Mayeux v. Belt, the appellate courts of this state have continued to follow the ruling of the Louisiana Supreme Court in State v. Mayeux.[3] As noted by the Fourth Circuit in State v. Nazar, 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780, 783:
... Although this Court finds the reasoning of the federal district court in Mayeux v. Belt, 737 F.Supp. at 957, persuasive, we follow State v. Mayeux, 498 So.2d at 701, which holds that the verdict of guilty of a non-crime cannot serve as an acquittal or a conviction for double jeopardy purposes.
See also State v. Arita, 01-1512 (La.App. 4 Cir. 2/27/02), 811 So.2d 1146; State v. Norman, 34,868 (La.App. 2 Cir. 10/31/01), 799 So.2d 619; and State v. Walker, 00-1028 (La.App. 3 Cir. 1/1/01), 778 So.2d 1192, writ denied, 01-0546 (La.2/1/02), 808 So.2d 336.
In the present case, after the January 2002 trial, the jury convicted defendant of attempted first degree armed robbery. LSA-C.Cr.P. art. 814(A)(22) sets forth the responsive verdicts for armed robbery as follows: guilty; guilty of attempted armed robbery; guilty of first degree robbery; guilty of attempted first degree robbery; guilty of simple robbery; guilty of attempted simple robbery; not guilty. The article does not set forth a responsive verdict of guilty of attempted first degree armed robbery. Under the Louisiana Supreme *95 Court decision in Mayeux, attempted first degree armed robbery is a non-crime, and the jury's verdict of guilty is invalid. As such it could operate neither as a conviction or acquittal. Following the reasoning in Mayeux, there was no double jeopardy bar to defendant's retrial. Accordingly, the trial court did not err in denying defendant's motion to quash, nor did he err in ordering a new trial. The arguments raised by defendant in this assigned error are without merit.
In his second assigned error, defendant complains that the trial court failed to follow the proper procedure to correct a non-responsive verdict. He specifically complains that the trial judge erred in vacating the non-responsive verdict on count 2 by acting on his own motion in arrest of judgment, a procedure that was not legally available to him.
When responsive verdicts are mandated by LSA-C.Cr.P. art. 814, the trial court is without authority to vary or to add to those prescribed verdicts. State v. Simmons, 357 So.2d 517 (La.1978). As discussed above, the court gave the jury a verdict form containing responsive verdicts not provided by Article 814. As a result, the jury returned a verdict of guilty of attempted first degree armed robbery, a non-responsive verdict to armed robbery. Had the trial court acted immediately it might have remedied the error according to the provisions of LSA-C.Cr.P. art. 813 which provides as follows:
If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
Because the court did not recognize the fact that the verdict was non-responsive until well after the jury was dismissed, it could not avail itself of the procedures prescribed under that article. A non-responsive verdict is, nevertheless, an error which constitutes grounds for reversal. State v. Thibodeaux, 380 So.2d 59, 61 (La.1980). Even if the parties do not object at trial, an error in the verdict constitutes an error patent on the face of the record because it is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. LSA-C.Cr.P. art. 920. State v. Vincent, 387 So.2d 1097, 1099 (La.1980). See also State v. Campbell, 95-1409 at p. 3, 670 So.2d at 1213.
The issue here is whether a sua sponte motion in arrest of judgment was a remedy available to the judge in correcting the illegal verdict. In vacating the non-responsive verdict, the trial court stated:
[I]t was brought to this Court's attention after the verdict, post verdict, that the verdict itself was not responsive to the indictment or bill, therefore is so defective that it could not form the basis for a valid judgment, even though as the Court recognizes no motion to arrest the judgment has been filed in this case by the defense or for that matter by the State, the Court on its own motion does so initiate same.
The defense objected to the court's ruling on grounds that it did not have statutory authority to initiate its own motion in arrest of judgment. The court denied the objection, and set the matter for a new trial.
The ruling at issue was made prior to sentencing. Therefore, the trial court still had jurisdiction over the case.[4] LSA.C.Cr.P. *96 art. 859 provides, in pertinent part:
The court shall arrest the judgment only on one or more of the following grounds:
. . . .
(5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment.
There is no language contained in this article to indicate that the trial court may not initiate a motion in arrest of judgment. The verdict in the instant case was clearly illegal, and had to be vacated. Moreover, even assuming the trial court erred in vacating the verdict on its own motion, the error was harmless. Had the trial court not corrected the problem, this court could have recognized it as a patent error on appeal. Based on the foregoing discussion, we find that the trial court utilized the proper procedure to correct the non-responsive verdict.
We have also reviewed the record for errors patent, LSA-C.Cr.P. art. 920, and have found none.
For the reasons set forth herein, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The bill originally charged defendant with attempted armed robbery, in violation of LSA-R.S. 14:64 and 14:27. The state amended count two of the bill to reflect a charge of armed robbery.
[2] The third count was severed and later dismissed by the state.
[3] The supreme court revisited the double jeopardy in State v. Campbell, 95-1409 (La.3/22/96), 670 So.2d 1212. However, the court declined to address the continuing validity of its Mayeux opinion in light of that case's subsequent history.
[4] LSA-C.Cr.P. art. 916 provides, in part, that "[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal."