HALL, Judge.
The defendant, Willie E. Pendleton, was charged by bill of information with attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. He pled not guilty. Later, pursuant to a plea bargain, defendant pled guilty to the crime of attempted second degree battery in violation of LSA-R.S. 14:27 and 14:34.1. He was sentenced to two years imprisonment at hard labor. The defendant appealed, assigning as error the excessiveness of the sentence.
Defendant argues that defendant should have been placed on probation or at the most sentenced to imprisonment without hard labor. It is argued that defendant is only 21 years of age, has no prior felony convictions, is not a hardened criminal, and that the incident giving rise to the charge was an isolated immature act on the part of defendant which does not justify a finding that there is an undue risk that the defendant might commit another violent crime.
On the date of the offense the defendant and the victim were both at the home of another person in Monroe. The defendant and the victim became involved in an argument. Both had probably been drinking. They left the house and later in the day both returned. The defendant had a pistol, approached the victim who was in or standing near ^ truck, and the defendant struck the victim with the butt of the weapon. The gun apparently discharged accidentally, striking the vehicle and the defendant then fired another shot which struck the victim in the shoulder.
The transcript of the sentencing hearing discloses that the trial court thoroughly considered the factors enumerated in LSA-C.Cr.P. Art. 894.1(B), found that the imposition of a sentence of imprisonment was justified in accordance with the guidelines enumerated in Subsection (A), and clearly articulated for the record the considerations taken into account and the factual basis therefor in imposing sentence in accordance with Subsection (C).
In deciding whether or not suspension of sentence or probation was appropriate, the court noted that defendant’s criminal conduct threatened severe harm because it threatened death. The defendant must have contemplated that his conduct would constitute a threat of serious harm, because any time a person shoots someone with a firearm he should recognize it is going to cause serious harm. In determining wheth *639 er defendant acted under strong provocation, the court stated it found that the defendant was drinking and was probably provoked by an argument of some sort but that it did not find this sufficient or strong provocation to warrant defendant’s actions. Another factor considered was whether the victim of the criminal conduct induced or facilitated its commission, in connection with which the court noted that the victim participated in the argument, but that the victim had not threatened the defendant with any weapon or done anything else to justify defendant’s conduct. Also mentioned were defendant’s prior misdemeanor convictions, three of which involved crimes of violence. It was stated that defendant had shown a propensity in the past to resort to violence and that the court feared this conduct may result again in the future. Additionally, the court discussed the three factors enumerated in Subsection (A) and found that all three factors weighed in favor of imprisonment.
The sentence is entirely justified for the reasons stated by the trial court, and is not constitutionally excessive.
The maximum sentence for the offense charged is two and one-half years imprisonment. The trial court did not consider, and neither the state nor the defendant make mention of, LSA-C.Cr.P. Art. 893.1 which provides that when the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than the maximum sentence provided by law if the maximum sentence is less than five years, and that imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole. The sentence imposed by the trial court is justified without reference to that article.
The conviction and sentence are affirmed.
Affirmed.