973 So.2d 963 (2008)
STATE of Louisiana, Appellee,
v.
Kenneth Lennell JOSHUA, Appellant.
No. 42,766-KA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
*966 Laura M. Pavy, for Appellant.
Kenneth Lennell Joshua, pro se.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Brian H. Barber Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Kenneth Lennell Joshua, was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. Following a jury trial, he was convicted as charged. He was subsequently adjudicated a third felony offender and sentenced to life in prison at hard labor without benefit of probation, parole or suspension of sentence. For the reasons set forth herein, we affirm the defendant's conviction and sentence.

FACTS
On February 3, 2004, the victim, Vincent Shine, was standing near the corner of Portland and Stonewall Street in Shreveport, Louisiana talking to a woman named "Rita." The defendant approached Shine asking, "What are you doing talking to her?" Shine replied, "I wasn't talking to you, I was talking to her." The defendant pulled out a gun and attempted to shoot Shine, but the gun jammed. The defendant *967 pulled the trigger again and shot at Shine at least five times, striking him once in the right leg. The defendant and Rita fled the scene. When police officers interviewed Shine, he identified the defendant as the shooter.
Shine was not armed at the time of the incident. The gun used to shoot Shine was never located, but shell casings from a .38caliber handgun were recovered from the crime scene. Police officers were unable to locate any witnesses to the crime.
The defendant was arrested on February 24, 2004. On April 1, 2004, the defendant was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. He proceeded to trial before a jury of six and was found guilty as charged. The defendant was subsequently adjudicated a third felony offender and was sentenced to life in prison at hard labor, without benefit of probation, parole or suspension of sentence. This appeal followed.

DISCUSSION
The defendant's appellate counsel only assigned as error the excessiveness of the defendant's sentence. However, the defendant filed a pro se brief, adding four additional assignments of error.
Sufficiency of the Evidence
In the defendant's first pro se assignment of error, he contends the evidence was insufficient to support a conviction of aggravated battery. According to the defendant, his conviction was based on the victim's uncorroborated testimony. The defendant also contends Detective Russell Ross of the Shreveport Police Department relied primarily upon "secondhand" information and failed to interview witnesses who could have corroborated the defendant's testimony that a person called "Little Duke" shot Shine.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747; State v. Barakat, 38,419 (La.App.2d Cir.6/23/04), 877 So.2d 223. To convict a defendant based upon circumstantial evidence, every reasonable hypothesis of innocence must be excluded. Id., citing LSA-R.S. 15:438. In the absence of internal contradiction or irreconcilable conflict *968 with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35; State v. Wiltcher, 41,981 (La. App.2d Cir.5/9/07), 956 So.2d 769.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442; State v. Dupree, 41,658 (La.App.2d Cir.1/31/07), 950 So.2d 140, writ denied, XXXX-XXXX (La.10/12/07), 965 So.2d 936. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422. When there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33. Aggravated battery is a battery committed with a dangerous weapon. LSA-R.S. 14:34. "Dangerous weapon" includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. LSA-R.S. 14:2(3).
In the instant case, Shine testified that he knew the defendant personally and had been involved in an altercation with the defendant in the past. He further testified that on the day in question, he and the defendant exchanged words, and the defendant pulled out a gun and attempted to shoot him, but the gun jammed. The defendant pulled the trigger of the gun again and shot at Shine at least five more times, striking him in the right leg near his knee.
The defendant testified in his own defense. He admitted that he and Shine had been involved in a "fistfight" approximately three weeks prior to the shooting. However, the defendant testified that a man called "Little Duke" shot Shine because Shine owed him money. The defendant stated that he initially told police officers that he did not know who shot Shine because he "wasn't going to tell on nobody." According to the defendant, the shooting was witnessed by "probably 12 to 13 other people" and "everybody took off running" when the shooting started.
After reviewing the record, we find that the evidence was sufficient to support the defendant's conviction of aggravated battery. Shine, who testified that he had known the defendant "for some years," identified the defendant as the shooter to police officers who interviewed him at the scene shortly after the shooting. Shine was interviewed by Detective Ross in the emergency room on the night of the shooting, and he again identified the defendant as the shooter. Shine also positively identified the defendant as his assailant in open court during the trial. Shine testified that he was standing approximately five feet from the defendant at the time of the shooting, and he was "one hundred percent" certain that the defendant shot him. On cross-examination, Shine admitted that the shooting occurred at night, but he stated that there were street lights surrounding the area.
The finder of fact, in this case the jury, clearly accepted Shine's version of the *969 events and rejected the defendant's testimony. As stated above, the testimony of one witness, if believed by the jury, is sufficient support for a factual conclusion. See, State v. Burd, supra. It was the jury's prerogative to assess credibility, and we will not disturb the jury's verdict.
The evidence in the record clearly reflects that the defendant committed the charged offense of aggravated battery in that he intentionally used force and violence upon the victim, while he was armed with a dangerous weapon that was clearly calculated or likely to produce death or great bodily harm. Therefore, this supplemental assignment of error is without merit.
Jury Instructions
In his next pro se assignment of error, the defendant contends the trial court erred in failing to include the definition of the term "attempt" in its jury instructions and in failing to include the charges of "attempted aggravated battery," "attempted second degree battery" and "attempted simple battery" on the jury verdict form. According to the defendant, he was statutorily entitled to have the requested instructions presented to the jury. He argues that his conviction must be set aside because of the trial court's erroneous refusal to give the instructions.
When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Code of Criminal Procedure Article 814 or 815, the court shall charge the jury as to the law applicable to each offense. LSA-C.Cr.P. art 803. The following findings are listed under LSA-C.Cr.P. art. 814(A)(14) as responsive verdicts to a charge of aggravated battery: guilty, guilty of second degree battery, guilty of simple battery; not guilty.
The Louisiana Supreme Court has held that a conviction of "attempted aggravated battery" is "wholly invalid." In State v. Mayeux, 498 So.2d 701 (La.1986), the defendant was charged with two counts of aggravated battery. At the request of defense counsel, the jury was instructed that a responsive verdict of guilty of attempted aggravated battery could be returned. The jury returned a verdict of guilty of attempted aggravated battery on both counts. The court held that, in addition to being unresponsive to the crime charged, the verdict purported to convict the defendant of an offense not designated as a crime in Louisiana. The court found that the verdict was "wholly invalid," amounted to the conviction of a "non-crime," and therefore, could operate neither as a conviction nor an acquittal for purposes of double jeopardy.[1]
In State v. Nazar, 96-0175 (La.App. 4th Cir.5/22/96), 675 So.2d 780, the defendant was charged with simple battery, but was found guilty of "attempted simple battery." Citing Mayeux, supra, the court held that "attempted simple battery" was a non-crime and thus, the guilty verdict was invalid. The court stated, "[Mere is no such crime in Louisiana. An attempted simple battery is a simple assault." Id. at 781.
Similarly, in State v. Arita, XXXX-XXXX (La.App. 4th Cir.2/27/02), 811 So.2d 1146, the defendant, who was charged with second degree battery, was convicted of "attempted" second degree battery. The court of appeal vacated the conviction, stating: *970 La.C.Cr.P. art. 814(A)(15), which sets forth the only responsive verdicts for the charge of second degree battery, does not set forth a responsive verdict of attempted second degree battery. Under the Louisiana Supreme Court decision in Mayeux, and this court's decision in Nazar, attempted second degree battery is a non-crime, and the trial court's verdict of guilty of attempted second degree battery is invalid.
Id. at 1150.
Moreover, the Louisiana Supreme Court has consistently held that when responsive verdicts are mandated by LSA-C.Cr.P. art. 814, the trial court is without authority to vary or add to the prescribed verdicts. State v. Square, 433 So.2d 104 (La.1983); State v. Simmons, 357 So.2d 517 (La.1978). Consequently, the trial court may exclude one of the responsive verdicts listed in Article 814, but it cannot add to their number. State v. Wright, 36,635 (La.App.2d Cir.3/7/03), 840 So.2d 1271.[2]
We conclude that the trial court did not err in failing to charge the jury with regard to the "crimes" of "attempted" aggravated battery, "attempted" second degree battery and "attempted" simple battery. As noted above, the proposed offenses are "non-crimes." Moreover, the proposed offenses are not responsive verdicts of the crime of aggravated battery as listed in LSA-C.Cr.P art. 814. Therefore, the trial court was without authority to add the proposed offenses to the prescribed verdicts. This assignment lacks merit.
Ineffective Assistance of Counsel
The defendant also argues that he received ineffective assistance of counsel. Specifically, the defendant contends trial counsel failed to: (1) investigate and interview or subpoena the witnesses who allegedly observed the shooting; (2) object to "hearsay testimony and prejudicial remarks" made by Detective Ross; (3) object on the grounds that he was the victim of an illegal arrest; and (4) object to the state's failure to prove that he was advised of his Miranda rights.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. King, 41,083 (La.App.2d Cir.6/28/06), 935 So.2d 354; State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because it provides the opportunity for a full evidentiary hearing under LSA-C.Cr.P. art. 930. State v. Lane, 40,816 (La.App.2d Cir.4/12/06), 927 So.2d 659, 669, writs denied, XXXX-XXXX (La.12/15/06), 944 So.2d 1283, 2006-2502 (La.5/4/07), 956 So.2d 599. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Lane, supra.
In the instant case, the appellate record does not contain sufficient information for this court to adequately review all of the defendant's allegations with regard to *971 his claim of ineffective assistance of counsel. An application for post-conviction relief will afford the defendant the opportunity to develop evidence with regard to his claims. Moreover, a full evidentiary hearing will allow the trial court to review facts and determine the merits of the defendant's claims. Accordingly, we find that the defendant's assertions of ineffective assistance of counsel will be more appropriately addressed in the post-conviction relief process.
Sentence
Appellate counsel argues that although the defendant's conviction meets the requirements of the law for purposes of the imposition of a life sentence, the trial court should have more carefully considered his record and crime of conviction. He further argues that due to the extreme gravity of the sentence, it is imperative that this court consider the particular circumstances of the defendant. In a separate pro se assignment of error, the defendant argues that he is entitled to the benefit of the 2001 revision to LSA-R.S. 15:529.1. According to the defendant, the ameliorative changes to the statute drastically reduced a defendant's sentencing exposure and should have been considered by the court prior to sentencing.
The defendant's underlying conviction was for aggravated battery, in violation of LSA-R.S. 14:34. Under LSA-R.S. 14:2(13)(5), aggravated battery is listed as a crime of violence. Following the trial court's finding that the defendant was a third felony offender, the, defendant was subject to sentencing pursuant to LSA-R.S. 15:529.1, which provides, in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony . . . thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
* * *
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B) . . ., or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
In the instant case, the defendant's two prior felonies, simple burglary of an inhabited dwelling and simple burglary, are crimes punishable by imprisonment for 12 years under LSA-R.S. 14:62 and 14:62.2. As stated above, the third felony, aggravated battery, is defined as a crime of violence under LSA-R.S. 14:2(B)(5).
Because the sentence imposed for the habitual offender adjudication is proscribed by statute, the trial court's compliance with LSA-C.Cr.P. art. 894.1 is not required. State v. Gay, 34,371 (La. App.2d Cir.4/4/01), 784 So.2d 714. Moreover, since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Grant, 39,102 (La. App.2d Cir.12/15/04), 890 So.2d 689, writ denied, XXXX-XXXX (La.1/18/06), 920 So.2d 233.
Although the supreme court stated in State v. Dorthey, 623 So.2d 1276 (La.1993), that courts have the power to declare a mandatory minimum sentence excessive under Art. I, § 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum *972 sentence is excessive. State v. Grant, supra. In order to successfully rebut the presumption that a mandatory minimum sentence is constitutional, the defendant must "clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." State v. Johnson, 709 So.2d at 676; State v. Allen, 41,548 (La.App.2d Cir.11/15/06), 942 So.2d 1244.
The sentencing court may not rely solely upon the nonviolent nature of the present crime or prior crimes as sufficient evidence to rebut the constitutional presumption. State v. Johnson, supra. The lack of violence cannot be the only reason, or even the main reason, for declaring such a sentence excessive. Id.
In the present case, the defendant has failed to rebut the presumption that the mandatory minimum sentence is constitutional. In particular, he has not shown that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. Moreover, the fact that his two prior felony convictions were for nonviolent crimes is not sufficient to rebut the constitutional presumption. As stated above, the lack of violence cannot be the only reason, or even the main reason, for declaring such a sentence excessive. State v. Johnson, supra.
The facts and circumstances of the instant case illustrate the defendant's complete disregard for human life. The defendant shot at the victim multiple times at point blank range, solely because he took offense to the victim speaking to a particular woman. Because the defendant has not shown that his case falls within those rare circumstances where a downward departure is warranted, we do not find that the mandatory minimum sentence is excessive.

ERRORS PATENT
The defendant also urged this court to search the record for any patent error and to take whatever corrective action deemed appropriate. We have examined the record and note the presence of one error patent. At sentencing, the trial court did not adequately advise the defendant of the time period within which to apply for post-conviction relief. The trial court simply advised the defendant he had two years to seek post-conviction relief. In State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, the Louisiana Supreme Court held that LSA-C.Cr.P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant.
In the instant case, the trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App.2d Cir.9/21/05), 911 So.2d 898.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The case was remanded for a new trial and the defendant was ultimately convicted of aggravated battery. The federal court granted the defendant's writ of habeas corpus, finding that the defendant's conviction for aggravated battery was barred by double jeopardy. See, Mayeux v. Belt, 737 F.Supp. 957 (W.D.La. 1990).
[2] In State v. Marse, 365 So.2d 1319 (La.1978), however, the Louisiana Supreme Court held that the trial court is required to charge the jury, when properly requested, "as to the law applicable to any theory of defense which a jury could reasonably infer from the evidence." The record in the present case reflects that the jury was fully instructed to acquit the defendant if it did not find the defendant guilty of the charged offense or any of the lesser responsive verdicts. Thus, under the rationale of Marse, the failure of the trial court to give a special charge with regard to a non-responsive offense was not reversible error.