DANIEL L. DYSART, Judge.
|,The State appeals a ruling of the trial court, which quashed one of the charges with which defendant, Joseph Lambert, was charged, specifically, one count of possession of a firearm or weapon by a felon, in violation of La. R.S. 14:95.1. For the reasons that follow, we affirm the ruling of the trial court.
BACKGROUND:
On April 14, 2014, the State of Louisiana charged Joseph M. Lambert, defendant, by bill of information, with: (1) one count of discharging a firearm during a violent crime, in violation of La. R.S. 14:94(F); (2) one count of aggravated assault with a firearm, in violation of La. R.S. 14:37.4; (3) one count of possession of a firearm or weapon by a felon, in violation of La. R.S. 14:95.1 (noting that the predicate offense was a 2008 conviction for attempted second degree murder); and (4) one count of armed robbery with a firearm, in violation of La. R.S. 14:64.3. The above mentioned charges resulted from incidents which occurred on January 18, 2014 and February 13, 2014.
According to the 2006 bill of information relative to the predicate crime, the State of Louisiana charged the defendant with one count of attempted second degree murder, in violation of La. R.S. 14:30.1(27). The State later amended the |2charge to one count of attempted aggravated second degree battery. The defendant pleaded guilty to the charge in 2008, and was sentenced to seven years imprisonment at hard labor.
In the instant case, the defendant entered pleas of not guilty to all of the underlying charges. His counsel also filed various pre-trial motions. On June 26, 2014, the State amended the language of the bill of information for count 3, La. R.S. 14:95.1, to read “attempted aggravated second degree battery” to correctly reference the 2008 guilty plea.
The defense filed a motion to quash the charge of violation of La. R.S. 14:95.1, which the State opposed. Following a hearing, the trial court granted the motion. The State filed the instant appeal.
DISCUSSION:
The defendant asserted in his motion to quash that attempted aggravated second degree battery is not a predicate offense listed in La. R.S. 14:95.1, because attempted aggravated second degree battery is not a crime in the State of Louisiana.
La. R.S. 95.1 provides in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Lawl which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of ¡¡¡the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
(emphasis added).
La. R.S. 14:2(B) provides in part:
*1099 In this Code, “crime of violence” means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as “crimes of violence”: (31) Aggravated second degree battery.
In its sole assignment of error, the State contends that the trial court erred in granting the defendant’s motion to quash the charge of possession of a firearm or weapon by a felon, a violation of La. R.S. 14:95.1.
Louisiana jurisprudence dictates that when an appellate court reviews a trial court’s ruling involving solely a legal issue, such as presented in the instant case, a de novo standard of review is applied. See State v. Hall 13-0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39.
In his motion to quash, the defendant argued that the State could not use his 2008 guilty plea to attempted aggravated second degree battery as a predicate offense for a charge of possession of a firearm or weapon by a felon, a violation of La. R.S. 14:95.1, because: (1) attempted aggravated second degree battery is not defined by the Louisiana Criminal Code as a valid crime/offense; and (2) it is not included in the list of enumerated crimes under La. R.S. 14:95.1.
To the contrary, the State argues that although the offense of “attempted battery” is not included within the enumerated list of crimes of violence pursuant |4to La. R.S. 14:2(B), the language of La. R.S. 14.95.1 permits any crime defined as an attempt to commit one of the enumerated offenses listed in La. R.S. 14:95.1 to function as a predicate- offense. The State also argues that: (1) the defendant “knowingly and intelligently” pled guilty to attempted aggravated second degree battery which deems the offense valid; and (2) even if the offense is invalid, the use of an invalid offense is still valid to sustain a charge of possession of a firearm or weapon by a felon in accordance with La. R.S. 14:95.1.
We agree with the defendant that “attempted aggravated second degree battery” is not a valid crime as defined by the Louisiana Criminal Code.
The Louisiana Criminal Code defines an attempt to commit a battery as an “assault,” and an attempt to commit a battery with a dangerous weapon as an “aggravated assault.” See La. R.S. 14:36 and La. R.S. 14:37. The Criminal Code, however, does not provide for a specific crime/offense for an attempted aggravated second degree battery, while it does provide for a crime/offense for an aggravated second degree battery. See La. R.S. 14:34.7.
The main issue in this case is that the defendant pled guilty to an “attempt” to commit aggravated second degree battery. While the State’s reasoning concerning the Legislature’s inclusion of the term “attempt” in both La. R.S. 14:2 and La. R.S. 14:95.1 is rational, it is nevertheless incorrect.
In State v. Joshua, 42,766 (La.App. 2 Cir. 1/9/08), 973 So.2d 963, the defendant was charged with one count of aggravated battery, a violation of La. R.S. 14:34, and was convicted of the charge after a jury trial. Id., 42,766, p. 1, 973 So.2d at 966. The defendant appealed, raising as one of his pro se assignments oí error that the trial court erred in not including the definition of the term “attempt” in its jury instructions and in failing to include the *1100 charges of “attempted |fiaggravated battery,” “attempted second degree battery,” and “attempted simple battery” on the jury verdict form. Id., 42,766, p. 6, 973 So.2d at 969. The defendant argued on appeal that he was “statutorily entitled to have the requested instructions presented to the jury.” Id.
The Second Circuit affirmed the defendant’s conviction and held that “the trial court did not err in failing to charge the jury with regard to the ‘crimes’ of ‘attempted’ aggravated battery, ‘attempted’ second degree battery and ‘attempted’ simple battery,” as the proposed offenses are “non-crimes.” Id., 42,766, p. 8, 973 So.2d at 970. The court also noted that the above-mentioned offenses were not responsive verdicts of the crime of aggravated battery in accordance with La.C.Cr.P. art. 814. Id.
In reaching its decision, the Joshua, court reviewed the rulings in Mayeux, Na-zar, and Arita.[1] Because the defendant in this case has relied upon those cases in support of his argument that the charge of attempted aggravated second degree battery is not a valid offense, the Second Circuit’s discussion is relevant to the analysis of the instant matter.
The Second Circuit explained:
The Louisiana Supreme Court has held that a conviction of “attempted aggravated battery” is “wholly invalid.” In State v. Mayeux, 498 So.2d 701 (La.1986), the defendant was charged with two counts of aggravated battery. At the request of defense counsel, the jury was instructed that a responsive verdict of guilty of attempted aggravated battery could be returned. The jury returned a verdict of guilty of attempted aggravated battery on both counts. The court held that, in addition to being unresponsive to the crime charged, the verdict purported to convict the defendant of an offense not designated as a crime in Louisiana. The court found that the verdict was “wholly invalid,” amounted to the conviction of a “non-crime,”_J_gand therefore, could operate neither as a conviction nor an acquittal for purposes of double jeopardy.
In State v. Nazar, 96-0175 (La.App. 4th Cir.5/22/96), 675 So.2d 780, the defendant was charged with simple battery, but was found guilty of “attempted simple battery.” Citing Mayeux, supra, the court held that “attempted simple battery” was a non-crime and thus, the guilty verdict was invalid. The court stated, “[Tjhere is no such crime in Louisiana. An attempted simple battery is a simple assault.” Id. at 781.
Similarly, in State v. Arita, 2001-1512 (La.App. 4th Cir.2/27/02), 811 So.2d 1146, the defendant, who was charged with second degree battery, was convicted of “attempted” second degree battery. The court of appeal vacated the conviction, stating:
La.C.Cr.P. art. 814(A)(15), which sets forth the only responsive verdicts for the charge of second degree battery, does not set forth a responsive verdict of attempted second degree battery. Under the Louisiana Supreme Court decision in Mayeux, and this court’s decision in Nazar, attempted second degree battery is a non-crime, and the trial court’s verdict of guilty of attempted second degree battery is invalid. Id. at 1150.
Joshua, 42,766, pp. 7-8, 973 So.2d at 969-970.
*1101 The State further argues that the defendant’s guilty plea to attempted aggravated second degree battery is valid because he “knowingly and intelligently” signed the waiver form. The State also argues that Mayeux, Nazar, and Arita are inapplicable to this matter because the defendants did not enter a guilty plea to the charged offenses. We do not find a distinction.
Whether the defendant pleaded guilty or was convicted is of no moment. As found in Joshua, Mayeux, Nazar, and Arita, what is relevant is that those courts held that attempts to commit various degrees of battery are “non-crimes” in Louisiana.
Applying the reasoning of Joshua, May-eux, Nazar, and Arita, the defendant’s guilty plea to attempted aggravated second degree battery in 2008 was not a valid plea even though he was ultimately sentenced to time at hard labor.
17Additional jurisprudence supports the defendant’s position that attempted aggravated second degree battery is not a valid crime/offense. In State v. Trackling, 04-3222 (La.1/19/06), 921 So.2d 79, the Louisiana Supreme Court addressed the difference between attempted sexual battery and attempted simple/aggravated battery. On initial appeal, this Court reasoned that “an attempt to touch ‘a specific portion of the victim’s body" intentionally (i.e., to commit a sexual battery) would, by definition, constitute an assault, and that, as a result, the crime charged, attempted sexual battery, is not a valid offense.” Id., 04-3222, p. 4, 921 So.2d at 81.
However, in reversing the Fourth Circuit’s ruling, the Supreme Court distinguished the two offenses and reasoned:
Recognizing the substantive differences between the offenses and the conduct they proscribe, we note that unlike simple battery, which has a companion offense for cases in which an attempt to commit the crime has occurred (LSA-R.S. 14:38, simple assault), sexual battery has no companion for cases in which the defendant’s effort to touch the victim’s anus or genitals is ultimately frustrated. The fact that aggravated assault (LSA-R.S.14:37) and simple assault (LSA-R.S.14:38) are both designated as offenses in Louisiana lends support to the conclusions in Mayeux and Johnson that attempted aggravated battery and attempted simple battery are not separate, cognizable offenses. As regards the crimes of aggravated battery and simple battery, separate statutes criminalize the attempt. However, there is no statutory provision proscribing sexual assault. As a result, it appears that there is no logical or legal impediment to charging a defendant with attempted sexual battery.
Attempted sexual battery is a cognizable offense in the same way that attempted first degree murder arid second degree murder are cognizable offenses; not because the legislature has specifically denominated the crimes, but because the definitions of the completed offenses in LSA-R.S. 14:30 and 14:30.1 coalesce with the general attempt statute, LSA-R.S. 14:27, to produce that result.
All crimes in Louisiana are statutory. There can be no crime which is not defined and denounced by statute. In this instance, sexual battery is a crime denounced and defined by statute, LSA-R.S. 14:43.1. Another statute, LSA-R.S. 14:27, makes an attempt to | ^commit a crime an offense. These two provisions coalesce, with the result that the offense charged, attempted sexual battery, is a crime denounced and defined to be such under the statutory laws of this state.
Id., 04-3222, pp. 9-11, 921 So.2d at 84-85.
The Trackling court also recognized that the Louisiana Criminal Code separately *1102 defines an attempt to commit a battery as an “assault.” The Louisiana Criminal Code does not provide a separate definition for a crime of attempted aggravated second degree battery. Therefore, since the crime has not been “denounced and defined ... under the statutory laws of this state[,]” it cannot be a valid crime/offense. Id., 04-3222, p. 11, 921 So.2d at 85.
Also, the State relies upon State v. Tumblin, 03-1193 (La.App. 5 Cir. 2/23/04), 868 So.2d 902, and State v. Pendleton, 438 So.2d 637 (La.App. 2 Cir.1983), arguing that in those cases the appellate courts did not address as error patent the validity of the defendants’ guilty pleas to attempted aggravated battery and attempted second degree battery, respectively.
In Tumblin, the St. Charles Parish Sheriff filed an appeal and raised three assignments of error concerning the trial court’s decision to grant the defendant’s motion for expungement of his criminal record. See Tumblin, 03-1193, p. 3, 868 So.2d at 904. In Pendleton, the defendant filed an appeal and, as an assignment of error, raised that his sentence for attempted aggravated second degree battery was excessive. See Pendleton, 438 So.2d at 638.
There is no evidence contained in the record before us to indicate that the defendant here appealed his sentence on any basis, much less on the basis that the crime to which he pleaded was invalid. Accordingly, this Court has not previously addressed the validity of the charge to which he pleaded. As such, the State cannot |flargue that the defendant’s plea is valid simply because the courts failed to address this issue when it was not raised on appeal.
The State argues that even though the charge of attempted aggravated second degree battery was not a responsive verdict to the original charge of attempted second degree murder, the State was allowed to amend the bill of information to the charge of attempted aggravated second degree battery. Thus, because it was allowed to amend the original bill of information to attempted aggravated second degree battery, and the defendant “knowingly and intelligently” pleaded guilty to the charge, it constitutes a valid offense.
The defendant counters that there is a difference between nonresponsive verdicts and non-crimes, as is the charge in this case. The defendant is correct. He cites La.Code Crim. Proc. art. 487 B, which provides in part:
Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
The language of La.Code Crim. Proc. art. 487 B explicitly states that the article applies to “nonresponsive” crimes. Further, La.Code Crim. Proc. art. 814 A provides, in part:
The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
[[Image here]]
4. Attempted Second Degree Murder:
Guilty.
Guilty of attempted manslaughter.
Guilty of aggravated battery.
Not guilty.
It is evident that the charge of attempted aggravated second degree battery is not included as a responsive verdict to attempted second degree murder. If the hodefendant’s motion to quash in this case *1103 concerned the issue of a nonresponsive verdict, then the State’s argument that the defendant entered a valid guilty plea would be correct. However, this case concerns a guilty plea to a non-crime, a separate and distinct matter.
Accordingly, the State’s argument concerning application of La.Code Crim. Proc. art. 487 B is without merit.
Louisiana Revised Statute 14:2 B does not include the offense of “attempted aggravated second degree battery” in the list of enumerated crimes under that statute. Further, the Louisiana Criminal Code does not provide a separate definition for attempted aggravated second degree battery, but rather defines an attempt to commit a battery as an “assault;” and Louisiana courts have held that a conviction of attempted aggravated battery is “wholly invalid.” Therefore, we find that the defendant’s guilty plea to “attempted aggravated second degree battery” was invalid as a non-crime.
It necessarily follows that the defendant’s guilty plea to a non-crime could not be used as a valid predicate offense to possession of a firearm or weapon by a felon, a violation of La. R.S. 14:95.1.
In its last argument, the State cites to State v. Williams, 392 So.2d 448 (La.1980)(superseded by constitutional amendment as stated in State v. Draughter, 13-0914 (La.12/10/13), 130 So.3d 855).. The State argues that according to. Williams, a defendant cannot attack a predicate felony on collateral constitutional grounds. Further, applying Williams, the Second Circuit in State v. Bailey, 461 So.2d 336 (La.App. 2 Cir.1984), concluded that an invalid conviction containing technical defects can serve as a 14:95.1 predicate. Id., 461 So.2d at 339.
In We find application of Williams and Bailey to this case is in error. Here, the defendant is not attacking the constitutionality of the predicate offense, nor is he claiming that the predicate offense contained a technical defect. Rather, he is claiming that there is no such crime as attempted aggravated second degree battery defined by the Louisiana Criminal Code, and as such, the “crime” cannot be used as a predicate offense for the application of La. R.S. 14:95.1. We agree.
CONCLUSION:
Accordingly, we affirm the trial court’s ruling granting the defendant’s motion to quash the charge of possession of a firearm or weapon by a felon.
AFFIRMED.

. State v. Mayeux, 498 So.2d 701 (La.1986); State v. Arita, 01-1512 (La.App. 4 Cir. 2/27/02), 811 So.2d 1146; State v. Nazar, 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780.