On March 29, 2017, Mr. Fletcher filed a motion to quash the bill of information on the basis that his prior conviction of simple robbery in 2009 was constitutionally defective. He alleged that, while he pled guilty to that charge, the record reflects that the trial court did not advise him of his right to confront his accusers. He further alleged that the record failed to contain a completed plea form.
A hearing on the motion to quash was held on April 3, 2017. While the trial court indicated at the oral argument that the motion would be denied, it later issued a written order, by which it granted the motion, indicating that "[a]fter reviewing the evidence and considering the totality of the circumstances, the State has not proven that the defendant knowingly and voluntarily waived his right to confront his accuser." In so ruling, the court noted that "[t]he sentencing transcript and the sentencing minute entry are devoid of any such waiver."
The State has timely appealed this ruling.
DISCUSSION
In its sole assignment of error, the State contends that the trial court abused its discretion in granting Mr. Fletcher's motion to quash. As a general rule, a trial court's decision to grant a motion to quash "should not be reversed in the absence of a clear abuse of discretion." State v. Andres , 11-1341, p. 3 (La. App. 4 Cir. 9/19/12), 100 So.3d 953, 956, citing State v. Sorden , 09-1416, p. 3 (La. App. 4 Cir. 8/4/10), 45 So.3d 181, 183. However, when a trial court's ruling is based on a legal issue, such as is presented by this case, we apply a de novo standard of review. State v. Hall , 13-0453, p. 11 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 39.
*1009 In support of its contention that the trial court erred in granting the motion to quash, the State asserts two arguments: (1) that the time period for collaterally attacking the constitutionality of Mr. Fletcher's plea is "time-barred and legally barred;" and (2) that Mr. Fletcher knowingly and voluntarily entered into the 2009 guilty plea, and therefore, his conviction is properly considered as a predicate offense for the charge of possession of a firearm by a convicted felon.
We have conducted a de novo review of the record and the relevant case law, and based upon the latter, we find no need to address the issue of whether Mr.
Fletcher's 2009 plea was valid. Based on the United States Supreme Court case of Lewis v. United States , 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and its progeny, as well as the Louisiana Supreme Court case of State v. Williams , 392 So.2d 448 (La. 1980), even if Mr. Fletcher's 2009 conviction of simple robbery was based on an invalid plea, that conviction may nevertheless be used as a predicate felony for the current charge of possession of a firearm by a felon. Our case law indicates that the predicate felony (simple possession) cannot be collaterally attacked on constitutional grounds.[2]
The United States Supreme Court addressed this very issue in Lewis v. United States, supra. In Lewis , the defendant was convicted of a felony (breaking and entering with intent to commit a misdemeanor), for which he pled guilty and served time in prison. Sixteen years later, he was re-arrested and charged with possession of a firearm in violation of a law which prohibited "the possession of firearms by any person who '[had] been convicted by a court of the United States or of a State ... of a felony.' " Id. , 445 U.S. at 55, 100 S.Ct. at 915. He challenged this charge on the ground that, when he pled guilty to the initial felony, he had not been represented by counsel and, accordingly, the current charge "could not be predicated on a prior conviction obtained in violation of [his] Sixth and Fourteenth Amendment rights." Id. , 445 U.S. at 58, 100 S.Ct. at 917.
The Court first noted that the statute at issue:
is directed unambiguously at any person who "has been convicted by a court of the United States or of a State ... of a felony." No modifier is present, and nothing suggests any restriction on the scope of the term
"convicted." "Nothing on the face of the statute suggests a congressional intent to limit its coverage to persons [whose convictions are not subject to collateral attack]."
Id. , 445 U.S. at 60, 100 S.Ct. at 918, citing United States v. Culbert , 435 U.S. 371, 373, 98 S.Ct. 1112, 1113, 55 L.Ed.2d 349 (1978) ; United States v. Naftalin , 441 U.S. 768, 772, 99 S.Ct. 2077, 2081, 60 L.Ed.2d 624 (1979). The Court then found the language of the statute to be "sweeping" and having the "plain meaning ... that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon ...." Id. , 445 U.S. at 60-61, 100 S.Ct. at 918.
While the Court noted certain exceptions under the state's law to the bar of felons possessing firearms, it found "[n]o exception ... for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." Id. , 445 U.S. at 62, 100 S.Ct. at 919. It likewise *1010 noted that "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm" and in that case, the defendant "could have challenged his prior conviction in an appropriate proceeding in the Florida state courts." Id. , 445 U.S. at 64-65, 100 S.Ct. at 920-921. The Court ultimately held that the statute at issue prohibited a felon's possession of a firearm "despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." Id. , 445 U.S. at 65, 100 S.Ct. at 921.
Following Lewis , the Louisiana Supreme Court reached the same conclusion in Williams. In that case, the defendant was charged with being a felon in unlawful possession of a firearm and the charge was quashed because his previous conviction had been obtained without a lawful waiver of his right against self-incrimination.
The Williams Court reviewed the Lewis decision and cited it for the principle that:
The Louisiana legislature, like Congress, "... could rationally conclude that any felony conviction, even a[n] allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." 445 U.S. [at] 66, 100 S.Ct. [at] 921, 63 L.Ed.2d [at] 210. LSA-R.S. 14:95.1 represents a reasonable exercise of the police power.
"Its purpose is to limit the possession of firearms by persons who, by their past commission of certain specified serious felonies, have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity." State v. Amos , 343 So.2d 166 at 168 (La.1977).
That threat is not lessened by a technical defect in the prior felony conviction.
Id. , 392 So.2d at 450. The Williams Court, like the Lewis Court, held that "[a] person charged under LSA-R.S. 14:95.1 cannot attack the predicate felony on collateral constitutional grounds." Id.
Mr. Fletcher takes the position that the Williams case "is no longer law," citing State v. Martin , 382 So.2d 933 (La. 1980) and State v. Virgil , 390 So.2d 520 (La. 1980), for the principle that a charge under La. R.S. 14:95.1 may be quashed when the predicate felony was obtained by an invalid guilty plea because a defendant had not been properly advised of his rights. This argument is without merit as the Williams Court specifically addressed those cases, noting that they were decided by the Louisiana Supreme Court "without knowledge of ... [the] Lewis " case. Williams , 392 So.2d at 450. Accordingly, the Williams Court expressly overruled both of these decisions.
Mr. Fletcher next relies on State v. Draughter , 13-0914 (La. 12/10/13), 130 So.3d 855, and this Court's parenthetical notation in State v. Lambert that Williams had been "superseded by constitutional amendment as stated in State v. Draughter. " State v. Lambert , 14-1138, p. 10 (La. App. 4 Cir. 2/25/15), 160 So.3d 1097, 1103. While we agree, as we noted in Lambert , that Draughter supplants Williams in certain respects, its holding does not in any way invalidate the principle enunciated in Williams that a predicate felony under La. R.S. 14:95.1 cannot be challenged collaterally on constitutional grounds and we hold that this precept continues to be valid.
In Draughter , the Supreme Court addressed the constitutionality of La. R.S. 14:95.1 in light of a 2012 amendment to La. Const. art. I, § 11.[3] Prior to the amendment, *1011 Article 1, § 11 provided that "[t]he right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of concealed weapons on the person." After the 2012 amendment, the provision now reads: "The right of each citizen to keep and bear arms is fundamental and shall not be infringed. Any restriction of this right shall be subject to strict scrutiny."
The Draughter Court noted that, prior to the 2012 amendment, a person's right to keep and bear arms could be regulated "in order to protect the public health, safety, morals or general welfare so long as that regulation is a reasonable one." Id. , 13-0914,p. 8, 130 So.3d at 862 (emphasis supplied), quoting State v.
Amos , 343 So.2d 166 (La.1977). It further noted that, at the time Amos was decided, the reasonable standard "was consistent with this court's review of other alleged infringements of constitutional rights." Id. Under the 2012 amendment, however, the standard was expressly heightened to a strict scrutiny standard. The Court framed the limited question before it as follows: "whether La. R.S. 14:95.1 unconstitutionally infringes upon Draughter's right to possess a firearm as a convicted felon who was still under the state's supervision, but was no longer in its physical custody." Id. , 13-0914, pp. 15-16, 130 So.3d at 867. The Court answered this question by holding the statute to be constitutional. As explained in State v. Eberhardt , 13-2306, p. 7 (La. 7/1/14), 145 So.3d 377, 382, the Draughter Court's ruling was based on its finding that "the State has a compelling interest in regulating convicted felons still under the State's supervision, and LSA-R.S. 14:95.1 is narrowly tailored to achieve that interest .... LSA-R.S. 14:95.1 survives strict scrutiny and was not an unconstitutional infringement of Draughter's right to bear arms, pursuant to Article I, Section 11, as applied to the narrow fact situation presented in that case." Id.
The Eberhardt Court expanded the holding of Draughter to apply to the defendants then before the Court, "who had completed all aspects of their prior sentences and were no longer under State supervision when they were arrested on subsequent offenses." Id. , 13-2306, p. 8, 145 So.2d at 383. Even under those circumstances, where the defendants had completed their sentences, the court "uph[eld] the validity [and applicability] of LSA-R.S. 14:95.1." Id.
Neither Draughter nor Eberhardt suggests that the principle set forth in Williams (that an invalid conviction cannot serve as the predicate offense under La. R.S. 14:95.1 ) is no longer valid. To the contrary, Draughter simply noted the distinction that, at the time Williams was decided, there was a reasonableness standard applied to the exercise of police power with respect to the right to bear arms. See Draughter , 13-0914, p. 9 n.8, 130 So.3d at 862 ("[i]n State v. Williams ... the court held a person charged under La. R.S. 14:95.1 could not attack the predicate felony on collateral constitutional grounds .... The court reiterated ' La. R.S. 14:95.1 represents a reasonable exercise of the police power .... ' (emphasis added)"). That standard has been legislatively changed to a strict scrutiny standard.
We note, too, that courts around the country continue to follow the Supreme Court's decision in Lewis , which clearly indicates that its pronouncement continues to be valid and binding. See, e.g. , *1012 United States v. Fillingim , 688 Fed.Appx. 670, 673 (11th Cir. 2017) (the defendant's "prior convictions had not been vacated and his firearm restrictions had not been removed at the time of his possession of the firearms and attempted purchase of the pistol. Accordingly, he had a prior conviction for purposes of § 922 and could not collaterally attack his state court convictions in his federal criminal proceedings."); People v. McFadden , 2016 IL 117424, 406 Ill.Dec. 470, 61 N.E.3d 74, 82, cert. denied sub nom. McFadden v. Illinois , --- U.S. ----, 137 S.Ct. 2291, 198 L.Ed.2d 730 (2017) (similar statute prohibiting a felon from possessing a firearm applies "to any person who 'has been convicted' of a felony .... Nothing on the face of the statute suggests any intent to limit the language to only those persons whose prior felony convictions are not later subject to vacatur."); U.S. v. Washington , 544 Fed.Appx. 365 (5th Cir. 2013) ("Washington first contends that the district court should have quashed the indictment because his prior Louisiana felony conviction was constitutionally invalid. At the time of his arrest for the instant offense, however, Washington remained a convicted felon. Accordingly, his argument is foreclosed by Lewis v. United States. "); United States v. Leuschen , 395 F.3d 155, 157 (3d Cir. 2005) ("[w]e hold that Lewis precludes a defendant's collateral attack on a prior conviction in defense of a prosecution" of a statute which "prohibited firearm possession by convicted felons."); Burrell v. United States , 384 F.3d 22, 27-28 (2d Cir.2004) ("the determinate factor is defendant's criminal record at the time of the charged possession .... Thus, a § 922(g)(1) conviction is 'not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified.' (citing Lewis , 445 U.S. at 64, 100 S.Ct. 915 )").
Accordingly, we find that La. R.S. 14:95.1 prohibits a felon "from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." Lewis , 445 U.S. at 65, 100 S.Ct. at 921. The trial court, therefore, improperly granted Mr. Fletcher's motion to quash.
CONCLUSION
For the foregoing reasons, we reverse the trial court's ruling granting Mr. Fletcher's motion to quash and we remand this matter for further proceedings.
REVERSED AND REMANDED
BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT OF THE MAJORITY OPINION
BROUSSARD, J., CONCURS IN THE RESULT WITH REASONS
BROUSSARD, J., CONCURS IN THE RESULT WITH REASONS.
Although I find the dissent by Justice Calogero persuasive in State v. Williams , 392 So.2d 448, 450 (La. 1980), I am constrained by the majority opinion in Williams . Additionally, even if the Defendant was not prohibited from attacking his predicate felony conviction, the supreme court's decision in State v. Ellison , 15-0612 (La. 1/25/16), 186 So.3d 634, is unfavorable to his challenge.

Because of our finding, we also need not address the State's contention that Mr. Fletcher's collateral attack on the 2009 conviction is prescribed under La. C.Cr.P. art. 930.8 (which provides a two year time period for post-conviction relief).

The defendant in Draughter had been convicted of a felony (attempted simple burglary), his sentence was suspended and he was placed on active probation. During the probationary period, he was re-arrested and charged under La. R.S. 14:95.1, following which his probation was revoked and his previous sentence was made executory. The defendant then sought to have the bill of information quashed on the basis that La. R.S. 14:95.1 violated the 2012 amendment regarding his right to keep and bear arms.