NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-151

STATE OF LOUISIANA

VERSUS

DEREK L. HORD

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 22-334
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Candyce G. Perret, Judges.

GUILTY PLEA VACATED;
CONVICTION AND SENTENCE SET ASIDE;
CASE REMANDED.

**J. Reed Walters**
**District Attorney - 28th Judicial District**
**P. O. Box 1940**
**Jena, LA 71342**
**(318) 992-8282**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **State of Louisiana**

**DeVan Pardue**
**DeVan Pardue Attorney, LLC**
**P. O. Box 478**
**Clayton, LA 71326**
**(318) 757-3984**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Derek L. Hord**

**SAVOIE, Judge.**

On May 2, 2022, Defendant, Derek L. Hord, was charged by bill of information with one count of second degree battery, a violation of La.R.S. 14:34.1. On May 19, 2023, Defendant entered a guilty plea to the amended charge of attempted second degree battery. On June 28, 2023, Defendant filed a Motion to Recuse the trial judge, Christopher Peters. The motion alleged that Judge Peters' daughter was employed with the District Attorney's Office and was "present at the time that a plea deal was offered and accepted against the best interest of the defendant." The Motion to Recuse was withdrawn by Defendant on July 12, 2023. Thereafter, on August 11, 2023, Defendant filed another Motion to Recuse, this time alleging that Judge Peters "had ex parte communications with the state in discussing the sentence with the state[.]" On August 28, 2023, the supreme court appointed a judge to hear the Motion to Recuse. The appointed judge denied the Motion to Recuse after a hearing held on September 6, 2023.

On January 10, 2024, Defendant filed a Motion to Withdraw Plea, alleging that a prior motion seeking to quash the testimony of a witness was never heard, dismissed, or withdrawn. After a hearing held that same day, the trial court denied the Motion to Withdraw Plea. The trial court then held a sentencing hearing and sentenced Defendant to two years at hard labor, eighteen months suspended, and three years of supervised probation. As conditions of his probation, Defendant was ordered to pay a fine of $750.00 and court costs, including $150.00 for the preparation of a presentence investigation report, to be paid in equal monthly installments over the first year of probation. Finally, Defendant was ordered to write a letter of apology to the victims.

On January 17, 2024, Defendant filed a Motion for Appeal, which was granted by the trial court on January 18, 2024. Defendant has alleged three assignments of error—one challenging the trial court's denial of his Motion to Withdraw Plea, one challenging the excessiveness of the sentence imposed, and one alleging the post-conviction bail was excessive.

For the reasons discussed below, we conclude that an error patent requires that Defendant's guilty plea be vacated; therefore, Defendant's assignments of error are moot.

## FACTS

The State provided the following alleged factual basis of the case during the May 19, 2023 hearing where Defendant plead guilty to attempted second degree battery:

> [O]n March 14, 2022[,] Deputy Brant King from the LaSalle Parish Sheriff's Office along with several other deputies were assisting in the execution of a[n] order from the 7th Judicial District Court over in Catahoula Parish concerning the placement of an individual in the PACES Unit for an evaluation here at LaSalle General Hospital. The plan was to meet the individuals at the Speedy Mac's Convenient Store here in Jena. Deputy King and Deputy Lacy Cockerham were there[,] and I think other deputies arrived on the scene. They were in the process of assisting the individual who was to be taken for the evaluation when Mr. Hord and his son arrived on the scene. According to video footage of the scene[,] Deputy King showed his badge to Mr. Hord, Derek Hord, identifying himself as a police officer[,] but according to the video a fight ensued[,] a rather tumultuous fight. Your Honor I would ask you to take notice of the preliminary examine [sic] that we had here back on April the 4th where Doctor LeFleur testified that Mr. King as a result of that suffered lacerations[,] and although the lacerations may have been minor[,] Mr. King did suffer a broken nose as a result of that. Pain scale of a six (6) out of ten (10) on that. There was no reason for Mr. Hord to have the fight with Deputy King.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent that requires Defendant's plea to be vacated.

Defendant was charged with one count of second degree battery. He ultimately entered a guilty plea to attempted second degree battery. However, attempted second degree battery is neither a recognized responsive verdict to a charge of second degree battery in accordance with La.Code Crim.P. art. 814(A)(21), nor is it an offense that is recognized under Louisiana law. Specifically,

> Louisiana courts have repeatedly found that attempted battery, attempted aggravated battery, attempted second degree battery, attempted battery of a police officer, and attempted battery of a corrections officer are either not responsive to the degree of battery charged or are non-crimes since there are statutory equivalents such as assault, aggravated assault, etc. *See State v. Johnson*, 01-6 (La. 5/31/02), 823 So.2d 917; [*State v.*] *Mayeux*, 498 So.2d 701 [La.1986]; *State v. Lambert*, 15-629 (La.App. 4 Cir. 3/16/16), 191 So.3d 630, *writ denied*, 16-681 (La. 4/7/17), 218 So.3d 109; *State v. Joshua*, 42,766 (La.App. 2 Cir. 1/9/08), 973 So.2d 963, *writ denied*, 08-358 (La. 9/19/08), 992 So.2d 951; *State v. Arita*, 01-1512 (La.App. 4 Cir. 2/27/02), 811 So.2d 1146; *State v. Marsh*, 17-584 (La.App. 4 Cir. 11/8/17), 231 So.3d 736; and *State v. Nazar*, 96-175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780.

*State v. McDowell*, 22-692, pp. 8–9 (La.App. 3 Cir. 3/8/23), 358 So.3d 277, 282, *writ granted, judgment aff'd*, 23-508 (La. 3/5/24), 379 So.3d 1256.

In *Arita*, 811 So.2d at 1149, the fourth circuit specifically addressed a verdict of guilty of attempted second degree battery:

> In the defendant's sole assignment of error, he correctly argues that the trial court verdict of guilty of attempted second degree battery is not responsive to the bill of information.

> When the bill of information charges the offense of second degree battery, as in the instant case, the only responsive verdicts are guilty, guilty of simple battery, or not guilty. La. C.Cr.P. art. 814(A)(15). The trial court found the defendant guilty of attempted

second degree battery, which is not a recognized crime in Louisiana-because an attempt to commit a battery is an assault. See La. R.S. 14:36. Therefore, the defendant's conviction must be reversed. See *State v. Mayeux,* 498 So.2d 701 (La.1986); *State v. Nazar,* 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780.

Similarly, in *State v. Lambert*, 14-1138, pp. 4–5 (La.App. 4 Cir. 2/25/15), 160 So.3d 1097, 1099–1100, the fourth circuit found that attempted aggravated second degree battery is not a valid crime in Louisiana, explaining:

> The Louisiana Criminal Code defines an attempt to commit a battery as an "assault," and an attempt to commit a battery with a dangerous weapon as an "aggravated assault." *See* La. R.S. 14:36 and La. R.S. 14:37. The Criminal Code, however, does not provide for a specific crime/offense for an attempted aggravated second degree battery, while it does provide for a crime/offense for an aggravated second degree battery. *See* La. R.S. 14:34.7.

> In *State v. Joshua*, 42,766 (La.App. 2 Cir. 1/9/08), 973 So.2d 963, the defendant was charged with one count of aggravated battery, a violation of La. R.S. 14:34, and was convicted of the charge after a jury trial. *Id.*, 42,766, p. 1, 973 So.2d at 966. The defendant appealed, raising as one of his *pro se* assignments of error that the trial court erred in not including the definition of the term "attempt" in its jury instructions and in failing to include the charges of "attempted aggravated battery," "attempted second degree battery," and "attempted simple battery" on the jury verdict form. *Id.*, 42,766, p. 6, 973 So.2d at 969. The defendant argued on appeal that he was "statutorily entitled to have the requested instructions presented to the jury." *Id.*

> The Second Circuit affirmed the defendant's conviction and held that "the trial court did not err in failing to charge the jury with regard to the 'crimes' of 'attempted' aggravated battery, 'attempted' second degree battery and 'attempted' simple battery," as the proposed offenses are "non-crimes." *Id.*, 42,766, p. 8, 973 So.2d at 970. The court also noted that the above-mentioned offenses were not responsive verdicts of the crime of aggravated battery in accordance with La.C.Cr.P. art. 814. *Id.*

The *Lambert* court further rejected the State's argument that "the defendant's guilty plea to attempted aggravated second degree battery [was] valid because he 'knowingly and intelligently' signed the wavier form[,]" as well as the State's attempt to distinguish, *Mayeaux,* 498 So.2d 701, *Nazar,* 675 So.2d 780, and *Arita*,

4

811 So.2d 1146, because the defendants in those cases did not enter guilty pleas to the charged offenses. *Lambert*, 160 So.3d at 1101. The *Lambert* court stated, "Whether the defendant pleaded guilty or was convicted is of no moment. As found in *Joshua, Mayeux, Nazar,* and *Arita,* what is relevant is that those courts held that *attempts* to commit various degrees of battery are "non-crimes" in Louisiana." *Id.*

In *Lambert,* the State also argued that even though aggravated second degree battery was not responsive to the original charge of attempted second degree murder, La.Code Crim.P. art. 487(B)[1] allowed it to amend the charge to attempted aggravated second degree battery, and, because the defendant pled guilty to that charge, it constituted a valid offense. In rejecting that argument, the *Lambert* court noted that La.Code Crim.P. art. 487(B) applies to nonresponsive crimes, rather than non-crimes, and stated:

> It is evident that the charge of attempted aggravated second degree battery is not included as a responsive verdict to attempted second degree murder. If the defendant's motion to quash in this case concerned the issue of a nonresponsive verdict, then the State's argument that the defendant entered a valid guilty plea would be correct. However, this case concerns a guilty plea to a *non-crime*, a separate and distinct matter.

> Accordingly, the State's argument concerning application of La.Code Crim. Proc. art. 487 B is without merit.

> Louisiana Revised Statute 14:2 B does not include the offense of "attempted aggravated second degree battery" in the list of enumerated crimes under that statute. Further, the Louisiana Criminal Code does not provide a separate definition for attempted aggravated second degree battery, but rather defines an attempt to commit a battery as an

---

[1] Louisiana Code of Criminal Procedure Article 487(B) states:

Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.

"assault;" and Louisiana courts have held that a conviction of attempted aggravated battery is "wholly invalid." Therefore, we find that the defendant's guilty plea to "attempted aggravated second degree battery" was invalid as a non-crime.

*Lambert*, 160 So.3d at 1102–03.

Considering the above cases, we conclude that Defendant's guilty plea to attempted second degree battery was a plea to a nonexistent offense. A guilty plea to a nonexistent offense must be vacated and set aside. *State v. Smith*, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505; *State v. Presley*, 99-802 (La.App. 3 Cir. 3/1/00), 758 So.2d 308.

## DECREE

For the reasons set forth above, Defendant's guilty plea is hereby vacated, his sentence is set aside, and the case is remanded to the trial court for further proceedings.

**GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; CASE REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3